THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN
GORMLEY and Another, Appellants.

First Department, December 30, 1927.

Crimes — attempt to commit robbery, first degree — defendants formed
  plan to rob payroll clerk and proceeded to vicinity of bank where clerk
  would withdraw payroll — short time before payroll clerk appeared,
  police arrested defendants who were fully armed — defendants were
  given permission during trial to withdraw pleas of not guilty and
  interpose pleas of guilty — evidence shows that defendants were guilty
  of crime of attempted robbery.

The defendants and two others formed a plan to rob a payroll clerk and proceeded
  in a stolen automobile to the vicinity of the bank from which the clerk was to
  withdraw money for the payroll of his employer. The police received informa-
  tion of the impending holdup and a few moments before the payroll clerk
  arrived the defendants and their companions were arrested and it was found
  that they were fully armed with revolvers and sawed-off shotguns. One of the
  defendants made a written confession. The other defendant, who also con-
  fessed, repudiated his confession on the witness stand, claiming that at the
  time of his arrest he was about to aid in convoying an automobile truck laden
  with bootleg liquor. During the cross-examination of that defendant, the
  defendants asked leave to withdraw their pleas of not guilty and for permission
  to plead guilty to attempted robbery in the first degree. This they were
  permitted to do and the jury were discharged. On sentence day defendants
  were represented by new counsel who asked leave to withdraw the pleas of
  guilty and interpose pleas of not guilty. The facts stated show clearly that
  the defendants are guilty of the crime of attempted robbery in the first degree.

Furthermore, considering not only the facts proven but also that the defendants
  pleaded guilty to the crime as charged before the trial was completed, at a time
  when it could not be known what further evidence would be admitted, the
  court was justified in refusing to permit the withdrawal of the pleas of guilty
  and in sentencing the defendants on their pleas as made during the pendency
  of the trial.

PROSKAUER, J., dissents, with memorandum.

APPEAL by the defendants from a judgment of the County Court
of the county of Bronx, entered on the 14th day of February,
1927, and also from an order entered on the 2d day of March, 1927.

Clark L. Jordan, Jr., for the appellants.

George B. DeLuca of counsel [Herman J. Fliederblum and Israel
J. P. Alderman with him on the brief; John E. McGeehan, District
Attorney], for the respondent.

MERRELL, J. By section 261 of the Penal Law a person who
unsuccessfully attempts to commit a crime is indictable, and, when
the crime attempted is not punishable by the death of the offender
or by imprisonment for life, is punishable by imprisonment for

not more than one-half of the longest term prescribed upon a conviction for the commission of the offense attempted. Each of the defendants herein, upon his conviction, was sentenced to State prison for not less than ten years or more than twenty-five years.

The defendants were arrested on the morning of January 13, 1927, on Westchester square, in the borough of The Bronx, where they had gone with the intent and purpose of holding up and robbing a paymaster of the Sheffield Farms Company whom they had been informed would obtain from the Bronx National Bank, located on said square, and have possession of a payroll amounting to $5,000 or over. It was only through the interference of the police, who had received information of the impending holdup, that the defendants, and two confederates associated with them, were frustrated in the consummation of the crime. Police officers who had received information of the intended holdup proceeded to Westchester square in The Bronx where the two defendants were found lurking near the bank from which the payroll was to be obtained. They were accosted by the police officers and when asked to explain their business and as to whether they were armed, each of the defendants drew from his person a fully-loaded revolver and was only prevented from shooting the police officers and was disarmed after a physical struggle in which other policemen joined. For nearly an hour before their arrest the defendants and two other gunmen, all fully armed and with a veritable arsenal of sawed-off shotguns and pistols fully loaded. and conveniently at hand, had lain in wait for their intended victim. The defendants were ready and prepared to rob and commit murder, if necessary, to accomplish their purpose. Their arrest just before the arrival of their prey alone prevented them from carrying out their plans. If they were not attempting to commit the crime charged, it is difficult to see what more they could have done short of actually committing the robbery. The defendants were taken to the station house and subsequently each of them confessed that they had gone to the bank where they were arrested with the purpose and intent of holding up said payroll. The defendant Dash made a written confession, which he signed, fully revealing the intent and purpose of the payroll holdup. With the defendants were associated two confederates. All four of the conspirators went to Westchester square in a stolen eight-cylinder Packard car. After the arrest of the defendants, police officers seized the Packard car, which was found parked near the bank with its curtains down. In this car the defendants and their confederates had gone to the place of

17

action. Police officers found in the automobile two sawed-off shotguns, one of them loaded with two shells, and a pistol, fully loaded. Another shotgun, not loaded, was found in the car, and an abundance of ammunition for both the shotguns and the pistol. At the time of the arrest of the defendants the paymaster of the Sheffield Farms Company had not arrived nor had he withdrawn from the Bronx National Bank, near which the defendants were arrested, the fund which they intended to steal. The paymaster arrived at the bank for his payroll shortly after the arrest of the defendants. But for the timely interference of the police officers the holdup would have been consummated. The defendants with their confederates were jointly indicted by the grand jury of Bronx county, charged with the crime of attempted robbery in the first degree. One of the confederates was surrendered to the authorities of New York county and tried there on another charge. The fourth escaped. The two defendants, appellants, were tried together in Bronx County Court upon the charge in the indictment. At the trial the defendant Gormley took the stand in his own behalf and retracted his prior confession of guilt, and testified that at the time of his arrest he was about to aid in convoying an automobile truck laden with illicit liquors. During the progress of the trial and before the cross-examination of the defendant Gormley was completed, and before the close of the evidence, the defendants, through their counsel, asked leave to withdraw their former pleas of not guilty and to be permitted to plead guilty of the crime of attempted robbery in the first degree. This they were permitted to do, and the jury was discharged and a mistrial directed. Upon the entry of their pleas of guilty, at the request of the defendants, the imposition of sentence was postponed. Upon the defendants appearing for sentence on the adjourned day, they were represented by new counsel, who made application in their behalf to withdraw their pleas of guilty entered upon the trial and to plead not guilty to the crime charged against them in the indictment. This the judge presiding at the trial refused to permit, and each of the defendants was thereupon sentenced to State prison for the term aforesaid. The defendants have appealed from the order denying their application to be permitted to withdraw their pleas of guilty and to plead not guilty to said charge, and from the judgment of conviction entered as to each upon his plea of guilty.

In the opinion of a majority of this court the proven facts sufficiently established the guilt of the defendants of the crime charged in the indictment, and that the defendants committed overt acts constituting the crime of attempted robbery in the first

degree. At the trial the defendants, at their request, were permitted to withdraw pleas of not guilty and to plead guilty to the charge in the indictment. Except for a recent decision of the Court of Appeals holding that acts somewhat similar to those which these defendants confessedly committed did not constitute the crime of an attempt to commit robbery, we would have no hesitation in affirming the judgment of conviction herein. In the case of *People* v. *Rizzo* (246 N. Y. 334) the Court of Appeals unanimously held that under circumstances somewhat similar to those in the case at bar the crime of attempted robbery in the first degree was not proven, and in its opinion called attention to the fact that three other defendants had been jointly indicted and jointly convicted with the appellant Rizzo, neither of whom had taken an appeal from such conviction and were serving the sentences imposed by the trial court. The Court of Appeals suggested that, in fairness, steps should be taken to obtain commutation by the Governor of the sentences pronounced upon the three non-appealing defendants. While in many respects the admitted facts in the case at bar are similar to those in the *Rizzo* case, we, nevertheless, feel that the proofs here clearly show an attempt on the defendants' part to commit the crime of robbery in the first degree, and that it would be a travesty upon justice to permit them to escape punishment for the carefully planned robbery which was only frustrated by the timely intervention of the police. In view of the aggravated circumstances of this case and of *the defendants' pleas of guilty*, a majority of this court feels that the judgment of conviction should be affirmed. We regard the admitted facts in the case here to much more strongly prove the guilt of the defendants of the crime charged in the indictment, than did those upon which the defendant Rizzo and his confederates were convicted. Beyond that, we are confronted upon this appeal with a peculiar situation which, we think, clearly distinguishes this case from the *Rizzo* case. The defendants, during the progress of the trial, withdrew their former pleas of not guilty and each pleaded guilty to the charge in the indictment. At the time of such pleas the evidence had not been closed. Who can say what further facts might have been revealed before the trial was ended which might have shown the defendants' guilt? Who can say that the defendants themselves did not know of circumstances in addition to those already established at the trial that impelled them to plead guilty to the crime charged? In the *Rizzo* case the defendants were convicted upon the proof that they had committed acts which, in the view of the Court of Appeals, did not constitute the crime for which they were convicted. Here the defendants did not plead guilty

to the commission of any specific acts, but, generally, that they were guilty of the crime charged, to wit, attempted robbery in the first degree. The trial upon the indictment ended with their pleas of guilty. We are of the opinion that the trial court was fully justified, under the proven facts and under the pleas of the defendants, in rendering the judgment of conviction and in imposing State prison sentences thereon.

The judgment and order appealed from should be affirmed.

DOWLING, P. J., FINCH and McAVOY, JJ., concur; PROSKAUER, J., dissents.

PROSKAUER, J. (dissenting). I dissent. The motion to withdraw the plea of guilty should have been granted under the authority of *People* v. *Rizzo* (246 N. Y. 334).

Judgment and order affirmed.