Butzel, J.
 

 Defendant, Frank Banning, was charged with assault with intent' to kill and murder one Benton Hacker, a police officer, in an information filed on April 27, 1948. The trial was set for June 9, 1948. The original certified record, together with the wrapper showing the court proceedings in detail has been filed with this Court. The wrapper shows that the defendant’s attorney was notified on June 1,1948, of the date set for the trial. This would indicate that an attorney had been retained by defendant as early as June 1, 1948, and possibly prior thereto. On June 3, 1948, the attorney entered his formal appearance, and made a motion for a continuance for a number of weeks. He claimed that he had other cases pending in the recorder’s court, in the circuit court, and in the court of common pleas. The motion was denied. The attorney did not state
 
 *4
 
 what the other cases were, or that he had been unable to secure a continuance of them. The attorney claims that there were 34 witnesses indorsed on the information, and that with other engagements it required time to make a proper investigation. The information had been ón file over 5 weeks prior to the time the request for continuance was made. The attorney was present at the defendant’s trial. There was no abuse of discretion by the trial judge in refusing the continuance, there was no denial of due process.
 

 Defendant and a codefendant were tried together. The codefendant, shortly after the trial had begun, stated through his attorney in open court that he wanted to change his plea of .not guilty to that of guilty. The judge carefully interrogated him, and accepted the plea. Defendant, after the jury had been impaneled, and the taking of testimony had begun, also requested that his plea of not guilty be changed to that of guilty. The court carefully interrogated him, and when the defendant stated that there might be a question of self-defense in the case, the court refused -to accept the plea of guilty and. proceeded with the trial.
 

 The police officer, who was the victim of the assault with intent to kill, testified that he and a fellow police officer were alerted by radio to look for 2 men in a black Plymouth coupe. Almost immediately thereafter such a car traveling at a speed of from 60 to 65 miles per hour passed to the right of the police officers’ car which could easily be identified as á police car. Defendant’s car was finally stopped after it ran over an embankment of railroad tracks. When the officers got out to question the occupants, defendant fired a shot at the witness and wounded him.
 

 
 *5
 
 After this testimony was given, defendant again asked that he be permitted to withdraw the plea of not guilty and plead guilty. The jury was excused and the following colloquy took place:
 

 “Mr. LaFata:
 
 If the court please, at this time, I wish to reoffer the defendant’s, Prank Banning’s plea of guilty as charged to the information, and ask that the former plea of not guilty be withdrawn.
 

 “The Court:
 
 Mr. Banning, the only way the court can accept a plea of guilty is that it must be completely free and voluntary, without any strings attached whatsoever.
 

 “Defendant:
 
 I understand that, Your Honor.
 

 “The Court:
 
 You understand that?
 

 “Defendant:
 
 Yes, sir.
 

 “The Court:
 
 Do you now wish at this time to withdraw your plea of not guilty formerly entered in this case and plead guilty to the charge in the information which I read to you a little while ago?
 

 ‘Defendant:
 
 Yes, sir.
 

 “The Court:
 
 voluntarily? Are you pleading guilty freely and
 

 “Defendant:
 
 Yes, sir.
 

 “The Court: No, sir.
 
 No one forced you to plead guilty?
 

 “Defendant:
 
 No, sir.
 

 “The Cotirt:
 
 Has anyone promised you any leniency on the part of the court if you plead guilty?
 

 “Defendant:
 
 No, sir.
 

 “The Court:
 
 You have consulted with your counsel, Mr. LaPata?
 

 “Defendant:
 
 Yes, sir.
 

 “The Court:
 
 You understand under the law of this State, the jury having been impaneled, you are entitled to continue the trial?
 

 “Defendant:
 
 Yes.
 

 “The Court:
 
 The people must prove you guilty beyond a reasonable doubt; you understand that?
 

 “Defendant:
 
 Yes.
 

 
 *6
 

 “The Court:
 
 That you have a right, through your counsel, to question any and all the witnesses ?
 

 “Defendant:
 
 Tes, sir.
 

 “The Court:
 
 And you also have a right, under the law, to put in your own defense, if you so desire; you understand all that?
 

 “Defendant:
 
 Yes.
 

 “The Court:
 
 You are pleading guilty to this offense because you are guilty?
 

 “Defendant:
 
 Yes, sir.
 

 “The Court:
 
 There is no question about it at all ?
 

 “Defendant:
 
 No, sir.
 

 “The Court:
 
 You have been in some trouble before. You do know something about the machinations of the criminal law, do you not? You are sure you know what you are doing?
 

 “The defendant:
 
 Ido.
 

 “The Court:
 
 The court will accept your plea.. I refer you to the psychopathic clinic and the probation department for sentence on June 22d, and remand you to the custody of the sheriff.”
 

 When the defendant came before the judge for sentence, his attorney asked the court to allow the defendant to change his plea from guilty to not' guilty, on the grounds that he had not had sufficient time to prepare for the trial. The motion was denied and the defendant was sentenced to 50 to 60 years in the State prison. This appeal was taken.
 

 The granting of a request to change a plea of not guilty to guilty is a matter of discretion of the trial court. It is not bound to accept the plea until it is satisfied that said plea was made freely, with full knowledge as to the nature of the accusation, and without undue influence. Whenever, after such investigation as may be deemed necessary, the court shall have reason to doubt the truth of such plea, it shall be its duty to direct a plea of not guilty, and order trial on the issues. CL 1948, § 768.35 (Stat Ann § 28.1058). The colloquy between the court
 
 *7
 
 and the defendant indicates clearly that the statute had been complied with, and that the court was well within its discretion when it allowed the defendant to change his plea from not guilty to guilty.
 

 Defendant relied principally upon the line of cases in which we have held that a plea of guilty may be withdrawn at any time before sentence.
 
 People
 
 v. Anderson, 321 Mich 533, and cases therein cited.
 

 The rationale behind these cases is apparent. The right to trial by jury in criminal cases is a substantial constitutional right, as are the attendant rights of confrontation, cross-examination, et cetera. While these rights may be waived by the defendant, the law has erected many safeguards to protect him against his own ignorance, or folly, and against the pressures that might be applied by others. In the case in which the defendant has pleaded guilty, and then desires to avail himself of his constitutional guaranties, the law will not punish him for his indiscretion.
 

 However, under the present facts, the foregoing has no application. The defendant had available all of the rights to which he was constitutionally entitled. His waiver of these rights, made freely, with the advice of counsel, and with full knowledge of the benefits that he had abandoned acted as a waiver. See
 
 People
 
 v.
 
 Gormley,
 
 222 App Div 256 (225 NYS 653), affirmed, 248 NY 583 (162 NE 533).
 

 A close examination of the cases cited by the defendant fails to disclose one which is factually similar to the present case. In every case in which the rule was enunciated, the trial had- not begun. We have never held that when the defendant changes his plea to guilty, after the commencement of the trial, he has the absolute right to change his plea to not guilty, nor do we now so hold.
 

 
 *8
 
 The defendant was not deprived of any constitutional rights, and the judgment of conviction is affirmed.
 

 Boyles, C. J., and Ruid, North, Dethmers, Carr, Bushnell, and Sharpe, JJ., concurred.