PEOPLE *v.* HOLLINGSWORTH.

1. CRIMINAL LAW—CHANGE OF PLEA—SENTENCE.
    Generally, a defendant in a criminal prosecution has the privilege of changing a plea of guilty to one of not guilty at any time prior to sentence.

2. SAME—WITHDRAWAL OF PLEA OF GUILTY—DISCRETION OF COURT—SENTENCE.
    It was an abuse of discretion for trial judge to deny motion to withdraw plea of guilty to charge of uttering and publishing a worthless check, where motion for such purpose was made before trial judge pronounced sentence and reason for motion, that contents of probation report had not been treated as confidential information, was announced by defendants' counsel.

Appeal from Recorder's Court for the City of Detroit, Ide (O. Z.), J. Submitted October 16, 1953. (Docket No. 82, Calendar No. 45,845.) Decided November 27, 1953.

Motion by Beatrice Hollingsworth for leave to withdraw plea of guilty and for new trial denied. Defendant appeals. Sentence vacated and case remanded for new trial.

*James N. McNally,* for defendant.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber,* Chief Assistant Prosecuting Attorney, and *Samuel Brezner* and *Samuel J. Torina,* Assistant Prosecuting Attorneys, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  14 Am Jur, Criminal Law §§ 286–288.5.
[1, 2]  Right to withdraw plea of guilty.  20 ALR 1445; 66 ALR 628. Withdrawal of plea of guilty and substitution of plea of not guilty after conviction.  146 ALR 1430.

SHARPE, J. Defendant, Beatrice Hollingsworth, pleaded guilty to an information charging her with uttering and publishing a worthless check in the amount of $989.53. The plea of guilty was accepted by the court, and the cause referred to the probation department and adjourned 2 weeks for sentence. The cause was again adjourned until February 20, 1953, when the following occurred:

"*The Court:* Beatrice Hollingsworth, have you anything to say before sentence is pronounced by the Court?

"*Mr. McNally:* Her counsel does. If your Honor please, I have just been informed by Mrs. Hollingsworth that certain parts of this probation report have been broadcast on the radio this morning and appear in this morning's paper. I thought those reports were more or less confidential information submitted to the court for the court's information only.

"*The Court:* I did, too.

"*Mr. McNally:* At this time, due to the existing situation before sentence and the fact that highly prejudicial information has appeared in the morning's paper and been broadcast over the radio, it is the desire of the defendant, Beatrice Hollingsworth, to withdraw her plea of guilty and enter a plea of not guilty, so that we may have an opportunity to check into how and who made these press releases and what it is all about.

"*The Court:* I am not going to grant that motion at this time. * * *

"Beatrice Hollingsworth, the sentence of the Court is that you be confined in the Detroit House of Correction for a period of 5 to 14 years.

"*Mr. McNally:* Now, if your Honor please, I again renew my motion which I made prior to sentence, that your Honor set aside the sentence based upon the fact that it was the defendant's wish and desire to withdraw her plea of guilty previously entered, made before sentence, in view of the highly

prejudicial information released by the press and broadcast over the radio before sentence was pronounced this morning. I further made the motion before Your Honor to set aside the plea of guilty in view of the fact that you have also read into the record something which—and I don't doubt the sincerity of Your Honor—which was gone into very thoroughly in my office, namely, an attorney called me from Birmingham—

"*The Court:* The defendant has been sentenced. If you have any motions to make you can make them in writing."

On March 3, 1953, counsel for defendant, Beatrice Hollingsworth, made a formal motion in writing for leave to withdraw her plea of guilty and for the granting of a new trial. Upon leave being granted, defendant appeals from the denial of her motion to withdraw her plea of guilty. It is the general rule in this State that a defendant has the privilege of changing a plea of guilty to one of not guilty at any time prior to sentence. See *People* v. *Piechowiak,* 278 Mich 550; *People* v. *Street,* 288 Mich 406; *People* v. *Stone,* 293 Mich 658; *People* v. *Anderson,* 321 Mich 533.

The people urge that permission to withdraw a plea of guilty is discretionary with the trial court and rely upon *People* v. *Banning,* 329 Mich 1. In the *Banning Case* defendant was charged with assault with intent to kill and murder a police officer. The cause came on for trial, and after the jury had been impaneled and testimony given, defendant asked that he be permitted to withdraw his plea of not guilty and plead guilty. His offer was accepted and the case referred to the psychopathic clinic and the probation department. At a later date, when the defendant came before the judge for sentence, his attorney asked the court to change his

plea of guilty to one of not guilty. The motion was denied, and upon appeal we said:

"We have never held that when the defendant changes his plea to guilty, after the commencement of the trial, he has the absolute right to change his plea to not guilty, nor do we now so hold."

The factual situation in the case at bar is not similar to the facts in the *Banning Case*. In the case at bar there was some reason for defendant's attorney to request that defendant's plea of guilty be withdrawn. In our opinion it was an abuse of discretion to deny defendant's request. The sentence is vacated and the cause remanded to the recorder's court, with directions to permit defendant to withdraw her plea of guilty and plead not guilty and have trial.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.