### PEOPLE *v.* CASE.

1. CRIMINAL LAW—CHANGE OF PLEA—SENTENCE.
   Generally, a defendant in a criminal prosecution has the privilege of changing a plea of guilty to one of not guilty at any time prior to sentence, but such right is not an absolute right.

2. SAME—PLEA OF GUILTY—WAIVER OF RIGHTS.
   The plea of guilty constitutes a waiver of the right to a jury trial and the rights of confrontation and cross-examination of witnesses, where the plea is made freely, with the advice of counsel and with full knowledge of the benefits abandoned.

3. SAME—WITHDRAWAL OF PLEA OF GUILTY—MISTAKE.
   Order denying motion by one of several defendants for leave to withdraw plea of guilty to charge of high misdemeanor is not

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Criminal Law § 286.
[2] 14 Am Jur, Criminal Law § 272.
[3, 4] 14 Am Jur, Criminal Law § 287.
[5] 15 Am Jur, Criminal Law § 445.
[5] Criminal law: Necessity and sufficiency of recital of, or reference to, the offense in pronouncing sentence or judgment. 14 ALR 989.

disturbed, where plea of guilty had been entered after prosecuting attorney, with consent of the court, had dismissed 7 felony counts against defendant with the understanding defendant would plead guilty to a misdemeanor count and there is no claim of mistake or misunderstanding on defendant's part or that he had a defense to the charge.

4. SAME—WITHDRAWAL OF PLEA OF GUILTY—MISTAKE AS TO SENTENCE.

The mistake of defendant, in expecting a lighter sentence than 6 months to 1 year for charge of operating a retail automobile business and having no sales tax license, is not a sufficient reason for permitting him to withdraw plea of guilty and interposing plea of not guilty (CLS 1952, § 205.74).

5. SAME—SENTENCE—STATEMENT OF OFFENSE—RECORD.

Record *held,* not to justify claim that trial judge failed to state the offense for which he sentenced defendant who had pleaded guilty to a high misdemeanor.

Appeal from Recorder's Court for the City of Detroit; Schemanske (Frank G.), J. Submitted June 17, 1954. (Docket No. 82, Calendar No. 45,900.) Decided September 8, 1954. Rehearing denied October 14, 1954.

Robert Case pleaded guilty to operating a business without State retail sales tax license. Motion to withdraw plea at time of sentence denied. Sentence imposed. Defendant appeals. Affirmed.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber, Samuel Brezner* and *Samuel J. Torina,* Assistant Prosecuting Attorneys, for plaintiff.

*James N. McNally,* for defendant.

SHARPE, J. On November 6, 1950, defendant Robert Case and 7 other defendants were arrested. The arrest was followed by an information charging said defendants with a conspiracy to defraud the

State of Michigan out of its sales tax on the sale of motor vehicles. On March 6, 1952, by stipulation of all of the parties and on motion of the prosecuting attorney of Wayne county, an order was entered permitting the information to be amended by the addition of 2 counts, the first charging operation of a business without a license in violation of PA 1933, No 167, § 24, as amended by PA 1949, No 272 (CLS 1952, § 205.74, Stat Ann 1950 Rev § 7.545), and the second count for fraudulent embezzlement, concealment, removal and disposition of mortgaged personal property with intent to defraud.

On March 7, 1952, defendant Case and defendant Jansen appeared before the court and offered to withdraw their earlier plea of not guilty and plead guilty to the single count of engaging in a retail business without a license in violation of PA 1933, No 167, § 24, as amended by PA 1949, No 272 (CLS 1952, § 205.74, Stat Ann 1950 Rev § 7.545). Such offer and plea was taken under advisement by the court. The cause was referred to the probation department for investigation and report. When defendant Case and other defendants appeared before the recorder's court judge on April 8, 1952, Case was called up for sentence after defendant Leo Jansen had been characterized by the court as follows:

"Well, Mr. Jansen is one of the brains of the situation; he is part of the brains of the activity here. I might tell you frankly that the 4 I place in the same class are Leo Jansen, Robert Case, Arthur Norman and Thomas Whittaker. * * *

"Well, he is the brains; he was smart enough to put it over and let the other fellows hold the bag. That is how smart he was in the situation, because these other fellows still have to pay money. * * *

"Well, the court has gone into this case and taken into consideration the background of the situation.

The sentence of the court, Leo Jansen, is that you stand committed to the House of Correction for not less than 6 months nor more than 1 year."

After Leo Jansen was sentenced, the following occurred:

"*Mr. McNally*: May it please the court, in view of what your Honor just stated in the matter in regard to Leo Jansen, the defendant Case at this time wishes to withdraw his plea of guilty to the offense of a misdemeanor and ask your Honor—

"*The Court* (interrupting): Well, if the court permits one to withdraw his plea, he will permit all of them to withdraw.

"*Mr. McNally*: Well, as far as Case is concerned, I am taking the court's remarks as to him separately.

"*The Court*: You can withdraw the pleas as to all of them and let them go to trial on the original count. What about that, Mr. Prosecutor?

"*Mr. Rashid*: We will just have to try it, then, your Honor."

After further comments, the judge stated:

"All right, the court will deny the motion. Robert Case, the sentence of the court is that you stand committed to the House of Correction for not less than 6 months nor more than a year."

A motion for a new trial followed and was denied by the trial court. Upon leave being granted defendant appeals and urges that he had a right to withdraw his plea of guilty and enter a plea of not guilty. It is the general rule in this State that a defendant has the privilege of changing a plea of guilty to one of not guilty at any time prior to sentence, see *People* v. *Piechowiak,* 278 Mich 550; *People* v. *Street,* 288 Mich 406; *People* v. *Stone,* 293 Mich 658; and *People* v. *Anderson,* 321 Mich 533. However, such right is not an absolute right. In *People* v. *Banning,* 329 Mich 1, we held that a defendant who changes

his plea to guilty after commencement of trial has no absolute right to change his plea to not guilty when called before the court for sentence. The reason for giving a defendant the right to change his plea is well stated in the *Banning Case, supra,* where we said (p 7):

"The rationale behind these cases is apparent. The right to trial by jury in criminal cases is a substantial constitutional right, as are the attendant rights of confrontation, cross-examination, et cetera. While these rights may be waived by the defendant, the law has erected many safeguards to protect him against his own ignorance, or folly, and against the pressures that might be applied by others. In the case in which the defendant has pleaded guilty, and then desires to avail himself of his constitutional guaranties, the law will not punish him for his indiscretion.

"However, under the present facts, the foregoing has no application. The defendant had available all of the rights to which he was constitutionally entitled. His waiver of these rights, made freely, with the advice of counsel, and with full knowledge of the benefits that he had abandoned acted as a waiver. See *People* v. *Gormley,* 222 App Div 256 (225 NYS 653), affirmed, 248 NY 583 (162 NE 533)."

In *People* v. *Hollingsworth,* 338 Mich 161, we permitted defendant to withdraw her plea of guilty to one of not guilty. In that case defendant requested the court to make the change as she was about to be sentenced. The reason for the requested change was that a few hours before she was to be sentenced, the radio broadcasted certain information contained in the probation report. It also appears that information found in the probation report was also released to the press. In that case we said, "there was some reason for defendant's attorney to request that defendant's plea of guilty be withdrawn." In the case at bar the prosecuting attorney, with the

consent of the court, dismissed 7 felony counts against defendant with the understanding that defendant would plead guilty to a misdemeanor count of engaging in retail business without a sales tax license. We note that no claim is made that there was any mistake or misunderstanding on the part of defendant, or that defendant had defense to the charge. In an opinion denying defendant's motion for leave to withdraw his plea of guilty, the trial court said:

"Because of the complexity of the issues involved and the large number of witnesses indorsed, and of the age of the case, the court had granted the prosecution's motion, concurred in by all defendants, to add lesser counts and had accepted pleas thereto in the public interest. Having accepted such concessions, 1 defendant alone now demands more; he demands a trial although nothing in the motion or the argument asserts that he is not guilty as he pleaded. To permit a withdrawal of the guilty plea would be, in the court's opinion, putting a premium on a lack of good faith and putting the public to the unnecessary expense of a costly trial, consisting of several weeks' duration, for the benefit of 1 defendant who does not claim innocence but does claim the right to rescind a waiver he made voluntarily on advice of counsel and with full knowledge of all the facts, except what sentence the court would impose. Significantly, he did not ask withdrawal until he did know what his sentence was to be.

"The motion to withdraw plea of guilty for Robert Case is herewith denied."

The privilege of changing a plea of guilty to one of not guilty is not an absolute privilege, see *People* v. *Banning, supra.* In *People* v. *Hollingsworth, supra,* we held that a last-minute change of plea could be made if there was a sufficient reason to make such a request. It is evident that in the case at bar defendant expected a lighter sentence than he had

reason to believe he was going to get. In our opinion this mistake on the part of defendant is not a sufficient reason to permit him to change his plea.

Defendant also urges that he was illegally sentenced by reason of the trial judge's failure to state the offense for which he was sentenced. The record shows the following:

"*The Court:* I have to know what count they are pleading to.

"*Mr. McNally:* Well, this is the first count on which the pleas were taken in the other cases, the high misdemeanor, the sales tax count.

"*The Court:* Well, I will take it. What is your name?

"*Mr. McNally:* This is Robert Case. For the record, the other defendant on my left—

"*The Court* (interrupting): There are 2 defendants?

"*Mr. McNally:* Yes, your Honor.

"*The Court:* What is your name?

"*Mr. Leo Jansen:* Jansen.

"*The Court:* They are both pleading to the same count?

"*Mr. McNally:* They are both pleading to the same count; namely, a high misdemeanor; that is, failure to obtain a sales tax license. On behalf of the defendant Jansen, he is represented by Ralph Delaney, who is trying a case before Judge Murphy. He was over here and requested me to appear for Jansen. I also appear on his behalf. So, the defendants Case and Jansen are here and both of these defendants, your Honor, tender to your Honor at this time a plea to the same section which the other defendants pleaded to yesterday; namely, the high misdemeanor. So there is no confusion on the record, I understand 2 of these defendants, by agreement between all attorneys pleaded to a straight misdemeanor. We are pleading guilty to a high misdemeanor.

"*The Court:* That high misdemeanor is section 24 of Act 167 of the Public Acts of the State of Michigan for the year 1933, as amended, which means that they were operating a retail automobile business and having no sales tax license.

"*Mr. McNally:* That is correct, your Honor."

We find the following in the opinion of the trial court denying defendant's motion for a new trial:

"Defense counsel argue that the error in the order was reflected in the sentence which, he urges, is too severe for the offense. However, the record on its face refutes this. The court sentenced this defendant only to the lesser of the 2 added counts. The penalty for violation of PA 1933, No 167, § 24, is a maximum of 1 year in the county jail, a fine of $1,000 or both. By fixing a 6 months' minimum and no fine the sentence was legally correct, and in the court's opinion lenient in the premises. Had the court had the 2 counts in mind at the time of sentence, that sentence would, of necessity, have been to the State's prison, with a maximum of 2 years, the penalty for violation of CL 1948, § 750.177 which was the second added count."

It clearly appears that defendant was sentenced for the violation of PA 1933, No 167, § 24, as amended by PA 1949, No 272 (CLS 1952, § 205.74, Stat Ann 1950 Rev § 7.545).

The judgment is affirmed.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.