PEOPLE v. HENLEY

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.
    A defendant was entitled to withdraw his plea of guilty of
    second-degree murder where the motion to withdraw the
    plea was made before sentencing, defense counsel, when mak-
    ing the motion, submitted statements from two psychiatrists
    which cast grave doubt on the defendant's sanity at the
    time of the offense and on his competency to plead, and the
    motion to withdraw the plea was made as soon as possible.

Appeal from Oakland, William John Beer, J.
Submitted Division 2 October 8, 1971, at Lansing.
(Docket No. 10506.)   Decided October 27, 1971.

Paul F. Henley was convicted, on his plea of
guilty, of second-degree murder.   Defendant's mo-
tion to set aside the plea denied.   Defendant appeals
by leave granted.   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Der-
engoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *Frank R. Knox,* Assist-
ant Prosecuting Attorney, for the people.

*Jon H. Kingsepp,* for defendant on appeal.

Before: QUINN, P. J., and DANHOF and TARGON-
SKI,* JJ.

* Former circuit judge, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

PER CURIAM. On July 19, 1960, the defendant pled guilty to a charge of second-degree murder. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). On August 2, 1960, the date set for sentencing, the defendant moved to set aside the plea. The trial court denied the motion and proceeded to sentence the defendant to life imprisonment. Defendant now appeals, on leave granted, and we reverse the conviction and sentence and remand for further proceedings.

In *People* v. *Bencheck* (1960), 360 Mich 430, 432, the Supreme Court said:

"Generally, it is considered that there is no absolute right to withdrawal of a guilty plea. *People* v. *Case* [1954], 340 Mich 526; *People* v. *Banning* [1950], 329 Mich 1. See, also, 14 Am Jur, Criminal Law, § 286, [p 960]. But this Court's decisions suggest that the trial judge's discretion be exercised with great liberality when the motion is made prior to sentence or commencement of trial. *People* v. *Piechowiak* [1936], 278 Mich 550; *People* v. *Stone* [1940], 293 Mich 658; *People* v. *Sheppard* [1947], 316 Mich 665; *People* v. *Anderson* [1948], 321 Mich 533."

At p 433, the Court stated:

"Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence, the plea should be granted. The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right."

In this case the request was manifestly not frivolous. When the motion was made counsel for the defendant submitted statements from two psychia-

trists. These statements cast grave doubt on the defendant's sanity at the time of the offense and on his competency to plead. The motion was made before sentencing and it appears from the record that it was made as soon as possible under the circumstances.

Reversed and remanded for further proceedings.