## PEOPLE v COCHRANE

### OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

   There is no absolute right to withdraw a plea of guilty, but where the motion to withdraw the plea is made before sentencing the trial judge's discretion should be exercised with great liberality.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

   Defendant's motion to withdraw his plea of guilty, made before sentencing, should have been granted, even though the trial judge's belief in the defendant's guilt was well-founded, where the motion was supported by the following reasons: that there was a 33-hour delay before arraignment, that defendant was held 18 days without a preliminary examination, and that defendant was beaten by a policeman at the time of his arrest.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—RIGHT TO JURY TRIAL.

   A trial judge's discretion should be exercised with great liberality when a defendant moves for withdrawal of his plea of guilty before sentencing, even though the judge's belief in the defendant's guilt is well-founded, because denial of the motion impedes the defendant's exercise of his right to a trial by jury or by the court.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 2 February 1, 1972, at Lansing. (Docket No. 11775.) Decided April 27, 1972.

Patrick E. Cochrane was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 503 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 505.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *David A. Goldstein,* Assistant Defender, for defendant.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

T. M. BURNS, J. Defendant was charged with breaking and entering with the intent to commit larceny. MCLA 750.110; MSA 28.305. A supplemental information was filed on February 9, 1971; and at the arraignment thereon, defendant pled guilty to the crime charged.

A motion to withdraw the plea was filed on March 29, 1971, prior to the time of sentencing. The motion was denied on April 12, 1971, and defendant was sentenced to serve 5 to 15 years in prison. Defendant appeals as of right.

There is no absolute right to withdraw a plea of guilty. *People v Case,* 340 Mich 526 (1954). However, where, as here, the motion to withdraw the plea is made before sentencing, the trial judge's discretion should be exercised with great liberality. *People v Bencheck,* 360 Mich 430, 432 (1960).

Defendant, in support of the motion to withdraw the plea, gave the trial court three reasons: (1) there was a 33-hour delay before arraignment, (2) defendant was held 18 days without a preliminary examination, and (3) defendant was beaten by a policeman at the time of his arrest.

It is our opinion that the reasons given are sufficient to warrant a withdrawal of the plea

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

since the trial court is to exercise its discretion in these matters with great liberality. In *People v Bencheck, supra,* 432–433, the Court quoted from *People v Banning,* 329 Mich 1, 7 (1950):

" 'Defendant relied principally upon the line of cases in which we have held that a plea of guilty may be withdrawn at any time before sentence. *People v Anderson,* 321 Mich 533, and cases therein cited.

" 'The rationale behind these cases is apparent. The right to trial by jury in criminal cases is a substantial constitutional right, as are the attendant rights of confrontation, cross-examination, *et cetera.* While these rights may be waived by the defendant, the law has erected many safeguards to protect him against his own ignorance, or folly, and against the pressures that might be applied by others. In the case in which the defendant has pleaded guilty, and then desires to avail himself of his constitutional guaranties, the law will not punish him for his indiscretion.' "

The Court then went on to state:

"The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right."

While we agree that the trial judge's belief in defendant's guilt was well-founded, it is our opinion that defendant should have been able to exercise his right to a trial by jury or the court.

Reversed and remanded for an order allowing withdrawal of the plea and a new trial.

DANHOF, P. J., concurred.

VAN VALKENBURG, J. *(concurring).* While I cannot concur with the reasoning of my brother judges, I feel compelled to concur in their result in light of the Supreme Court's opinion in *People v*

*Jaworski,* 387 Mich 21 (1972). While my personal opinion is more closely aligned with that expressed by Justice BRENNAN in his dissent in *Jaworski,* I must accede to the dictates of the majority of the Supreme Court.