PEOPLE v STOCKARD

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

Prior to June 1, 1973, there was no absolute right to withdraw a plea of guilty but where the motion to withdraw the plea was made before sentencing the trial judge's discretion should have been exercised with great liberality.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—COURT RULE.

A court rule presently effective provides that a plea of guilty can be withdrawn as a matter of right only prior to acceptance, but after acceptance withdrawal continues as a matter left to the discretion of the trial court (GCR 1963, 785.7[4]).

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

A defendant's motion to withdraw his guilty plea made prior to June 1, 1973, should have been granted where there is no indication that his plea of guilty to the original charge was the result of a plea bargain, the plea was entered in advance of the date set for trial, and the motion was not only made prior to the date set for sentencing, but there is nothing in the record to indicate that the defendant's motion was made because of a realization that his sentence would be harsher than expected.

4. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—RIGHT TO JURY TRIAL.

A defendant's motion to withdraw his plea of guilty made prior to June 1, 1973, and prior to sentencing should have been granted where although the defendant's most serious allegations in support of his motion may not have been completely substantiated, they were not clearly frivolous; because the right to a jury trial is involved, and even though the trial court's belief in defendant's guilt may prove well-founded the exercise of that right should not be impeded.

## Appeal from Jackson, Gordon W. Britten, J.

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.

Submitted Division 2 June 7, 1973, at Lansing. (Docket No. 13033.) Decided September 25, 1973. Leave to appeal denied, 391 Mich —.

Phillip Stockard was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Reversed and remanded for an order allowing withdrawal of plea and a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Richard A. Cooley, Jr.,* and *James M. Justin,* Assistants Prosecuting Attorney, for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and DANHOF and ADAMS,* JJ.

DANHOF, J. On March 24, 1970, defendant was charged with armed robbery. MCLA 750.529; MSA 28.797. On July 8, 1970, defendant pled guilty to this charge and sentencing was fixed for August 6, 1970. On August 4, 1970, defendant, represented by new counsel, filed a motion to withdraw his plea. The motion came on for hearing on August 14, 1970. An opinion and order denying defendant's motion was filed by the trial court on October 8, 1971. On October 25, 1971, defendant was sentenced to a term of 15 to 25 years in prison, with credit for time served in jail since March 24, 1970.

On appeal, defendant raises two issues: (1) that the trial court erred in denying his motion to withdraw his guilty plea, which motion was en-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tered approximately 14 months prior to sentencing; (2) that the facts elicited on the guilty plea record provide an insufficient basis for reception of the plea. For purposes of this appeal, we need only discuss the first issue raised by defendant.

Although the delay between the hearing on defendant's motion to withdraw and the trial court's disposition thereof is not to be encouraged, this delay is not without explanation. From the record it appears that the delay was at least partially attributable to defendant's being charged with murder arising out of events unrelated to the armed robbery to which defendant had pled guilty. The trial court in the instant case was aware of defense counsel's simultaneous involvement in preparation for the murder trial which ended on July 15, 1971 with a jury verdict of guilty of manslaughter and defendant's subsequent sentence on October 27, 1971 of 14 to 15 years on that charge.

The issue then which confronts us is the standard which should guide a trial court in passing on defendant's motion to withdraw a guilty plea before sentencing. The standard was set forth in *People v Cochrane,* 40 Mich App 316, 317; 198 NW2d 417 (1972):

"There is no absolute right to withdraw a plea of guilty. *People v Case,* 340 Mich 526; 65 NW2d 803 (1954). However, where, as here, the motion to withdraw the plea is made before sentencing, the trial judge's discretion should be exercised with great liberality. *People v Bencheck,* 360 Mich 430, 432; 104 NW2d 191, 192 (1960)."

We note that under the newly revised court rule, GCR 1963, 785.7(4), effective June 1, 1973, a plea can be withdrawn as a matter of right only prior

to acceptance, but after acceptance withdrawal continues as a matter left to the discretion of the trial court. Since we are concerned here with a plea entered prior to the effective date of the new rule, we do not decide the issue of whether the *Cochrane* standard has continuing validity to pleas entered on or after June 1, 1973.

In interpreting the standard regarding allowance of withdrawal of a plea of guilty prior to sentencing, as set forth in *Cochrane, supra,* we note the following cases where refusal to set aside a plea of guilty was held not to be an abuse of discretion. In *People v Banning,* 329 Mich 1; 44 NW2d 841 (1950), defendant entered his plea of guilty after the jury was empaneled and trial had begun. In *People v Case,* 340 Mich 526; 65 NW2d 803 (1954), defendant's plea to a lesser offense was the result of a plea bargain. Defendant's motion to withdraw plea was made in the midst of sentencing proceedings when it became apparent, because of the sentence given to a codefendant, that defendant's sentence was going to be harsher than previously expected. In *People v Davis,* 372 Mich 402; 126 NW2d 725 (1964), defendant pled guilty to an added count on the day set for trial, after the people's witnesses had been subpoenaed and were ready to testify. Defendant's motion to withdraw plea was made on the day set for sentencing, after defense counsel had read the report from the probation department and had gained an impression as to what the sentence would be. In *People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965), defendant's plea of guilty was entered on the day set for trial. Allegations made in defendant's motion to withdraw, to the effect that he was suffering from "nervous indisposition and stomach ulcers" at the time of the plea, were found to be frivolous. In *People v Pulliam,* 10 Mich App 481; 157 NW2d

302 (1968), defendant's motion to withdraw plea was made after the court had entered a sentence of 20 years to life for armed robbery. Because of its irregularity, the sentence was set aside. Defendant's motion to withdraw plea was clearly motivated by the realization that his sentence was going to be harsher than originally expected. In *People v Adams,* 42 Mich App 171; 201 NW2d 340 (1972), defendant's plea came in the midst of a jury trial; this Court found no error in the trial court's statement that it would not allow defendant to withdraw his plea except in the most unusual circumstances.

In the case at bar, there is no indication that defendant's plea of guilty to the original charge was the result of a plea bargain. The plea was entered in advance of the date set for trial. The motion to withdraw the plea was not only made prior to the date set for sentencing, but there is nothing in the record to indicate that defendant's motion was made because of a realization that his sentence would be harsher than expected.

In the hearing on the motion to withdraw plea, the most serious arguments advanced by defense counsel were as follows: (1) representations by police officers had been made to defendant out of the presence of defense counsel that things would go easier for defendant were he to plead guilty; (2) defendant's plea was entered the day following damaging admissions made in reference to the murder charge. Defendant claimed these admissions to have been involuntary. Thus, defendant alleged that his decision to plead guilty came at a time of great psychological confusion and was influenced thereby.

Other reasons of less merit were advanced by defendant in support of his motion to withdraw

plea. He claimed to have been incarcerated without benefit of counsel for a period in excess of three months prior to the plea. From the record this appears to have been due to defendant's insistence on retaining counsel of his choice. When it became apparent that because of indigency defendant would be unable to retain counsel, counsel was appointed. Defendant also alleged that facts elicited at the plea proceedings were insufficient to sustain the plea and that the trial court had erred reversibly in failing to inform him of the minimum two-year sentence for armed robbery accompanied by aggravated assault or serious injury.

While defendant's most serious allegations in support of his motion to withdraw plea may not have been completely substantiated, neither were they clearly frivolous. In *People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191, 192 (1960), it was stated:

"Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence, the plea should be granted. The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right."

We, therefore, hold that defendant's motion to withdraw plea should have been granted.

Reversed and remanded for an order allowing withdrawal of plea and a new trial.

All concurred.