PEOPLE v LEWANDOWSKI

1. Criminal Law—Plea of Guilty—Plea of Nolo Contendere—
    Withdrawal of Plea—Discretion.

    A defendant's right to withdraw a plea of guilty or nolo conten-
    dere is absolute until the court accepts the plea on the record;
    thereafter the right to withdraw is discretionary with the trial
    judge (GCR 1963, 785.7[4]).

2. Criminal Law—Plea of Guilty—Plea of Nolo Contendere—
    Withdrawal of Plea—Abuse of Discretion.

    A court's decision not to allow withdrawal of a guilty or nolo
    contendere plea accepted on the record is reversible only if the
    court abused its discretion (GCR 1963, 785.7[4]).

3. Criminal Law—Plea of Nolo Contendere—Withdrawal of
    Plea—Abuse of Discretion—Evidence—Competence to
    Stand Trial.

    A court's decision not to allow withdrawal of pleas of nolo
    contendere accepted on the record, arrived at only after two
    adjournments and conclusions in a carefully prepared opinion,
    was not an abuse of discretion where the defendant's reason for
    withdrawal of the pleas was that he claimed that his recollec-
    tion of the incident that led to his arrest was lost through
    amnesia or confusion, but where he offered no evidence to
    support that conclusion and where defendant had been foren-
    sically examined and found competent to stand trial before the
    pleas were accepted.

4. Criminal Law—Plea of Nolo Contendere—Acceptance of Plea
    —Court Rules—Basis for Determination.

    The determination of the factual basis and truthfulness of a plea
    of nolo contendere was proper where it was complete and the
    basis for the determination followed the mandate of a proposed
    court rule which was adopted though not yet effective (GCR
    1963, 785.7).

Reference for Points in Headnotes
[1–5] 21 Am Jur 2d, Criminal Law §§ 497, 501, 502.

5. CRIMINAL LAW—PLEA OF GUILTY—PLEA OF NOLO CONTENDERE—
   BASIS FOR DETERMINATION—DEFENSES—INFORMING OF DE-
   FENSES.

   A court has no obligation, in establishing the factual basis for a
   defendant's plea of guilty or nolo contendere, to inform the
   defendant of any possible defenses to the crimes with which he
   is charged.

Appeal from St. Clair, Kenneth J. Stommel, J. Submitted Division 2 December 9, 1974, at Lansing. (Docket Nos. 18598 and 18599.) Decided January 28, 1975.

Michael A. Lewandowski was convicted, on his pleas of nolo contendere, of second-degree murder and assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*James R. Andary (J. Thomas McGovern,* of counsel), for defendant.

Before: DANHOF, P. J., and BASHARA and ALLEN, JJ.

ALLEN, J. This case concerns two related incidents occurring the night of December 22, 1972. At that time, defendant entered a tavern in Port Huron, fired several shots at his wife, who was seated with friends at a table, and fled. About to be overtaken, defendant shot one of his pursuers in the chest. Defendant's wife died, but the second victim lived and testified against defendant in the proceedings hereinafter described.

The defendant was charged with first-degree murder of his wife and upon arraignment March

15, 1973, was bound over to circuit court. On April 26, defendant was arraigned in a separate case on the charge of assault with intent to commit murder. By stipulation, the two cases were consolidated. In the consolidation the charge of murder in the first degree was reduced by plea bargaining to second-degree murder.

Thereupon, defendant pled nolo contendere to the charge of second-degree murder, MCLA 750.317; MSA 28.549, and to the charge of assault with intent to commit murder, MCLA 750.83; MSA 28.278. Defendant's counsel explained that the reason for the plea of nolo contendere was that defendant had amnesia for the events of the alleged crimes and accordingly it was not possible to state whether or not defendant was guilty. Testimony was then taken by the trial court from two of the eyewitnesses to the two related incidents charged, and the plea was accepted. On June 12, 1973, defendant wrote the trial judge expressing dissatisfaction with his attorney and asking to withdraw his plea. On July 30, defendant appeared with his counsel asking to withdraw his plea and to substitute attorneys. Substitution was granted and the request to withdraw the plea was taken under advisement. On August 13, defendant again appeared, this time with substitute counsel who moved to withdraw the plea for the reasons noted below.[1] After again taking the matter under ad-

---

[1] a. That defendant is not guilty of the offenses charged.

b. That he is entitled to his day in court and has been unable to present any facts that would indicate his innocence.

c. That he is entitled to a trial by jury to determine if he is guilty or innocent.

d. That he is gradually regaining his recollection of the events that transpired prior to the incident that led to his arrest and conviction on the charges brought against him and that the impending circumstances surrounding the incidents which resulted in the charges indicate quite clearly that he is not guilty of these crimes of which he has been found guilty.

e. That his pleas of nolo contendere were not entered voluntarily.

visement, the trial court on August 27, denied the motion, stating:

"[T]he nolo contendere pleas were entered, as the court records will show, only after a careful recitation of all of the defendant's constitutional rights and other rights to him in the presence of counsel, which the court is satisfied were understood by the defendant.

"That the rights of the defendant were recited to him in the presence of able defense counsel and the court is satisfied that these rights were reviewed by defense counsel with defendant before defendant entered his pleas of nolo contendere.

"That upon the appearance of the defendant before the court and the entering of the nolo contendere pleas, the charges as laid by the information filed, namely, second-degree murder contrary to MSA 28.549, and assault with intent to commit murder, MSA 28.278, were read to the defendant as well as the statutes under which the charges were laid, including the penalties, and the court is satisfied that the defendant understood the charges, the statute and the possible penalty that might be imposed and that the defendant's pleas of nolo contendere in this case were not involuntarily entered.

"That there is no showing of any persuasive reason why the motion to withdraw the pleas should be granted."

Defendant was then sentenced to from 15 to 25 years on the second-degree murder charge and from 10 to 20 years on the charge of assault with intent to commit murder. Although defendant raises a second claim of error, subsequently discussed, the key issue presented is whether the trial court abused its discretion as provided in GCR 1963, 785.7(4). To our knowledge, the instant case is the first case to raise the issue since the adoption of this section of the revised court rule effective June 1, 1973.

Defendant's plea of nolo contendere was made

and accepted April 26, 1973, which was prior to revised court rule GCR 1963, 785.7(4), effective June 1, 1973. Defendant's initial letter to the court requesting withdrawal of his plea, the motion to withdraw the plea and the trial court's subsequent denial thereof all occurred after June 1, 1973. As was inferred in *People v Stockard,* 49 Mich App 540, 543; 212 NW2d 609 (1973), this time factor is important.[2] Prior to the adoption of the revised court rule there was no absolute right to change a plea of guilty to one of not guilty. *People v Case,* 340 Mich 526, 531; 65 NW2d 803 (1954); *People v Cochrane,* 40 Mich App 316; 198 NW2d 417 (1972). Under the revised rule, the right to withdraw a plea of guilty or nolo contendere is made absolute until such time as the court accepts a plea on the record. Thereafter, the right to withdraw is discretionary with the trial judge. In our opinion the effect of the new rule is to modify the standard for withdrawal of pleas as announced in *Case* and *Cochrane, supra.* Under the rule the standard for withdrawal after June 1, 1973 of court-accepted guilty or nolo contendere pleas, is whether the trial court abused its discretion—a decision which is reversible only for an abuse of discretion. We do not find abuse.

The trial court did not act precipitously, and arrived at its decision only after two adjournments and by stating its conclusions in a carefully prepared opinion. Importantly, no medical testimony was furnished lending any support to the conclusionary statement that at the time of the plea

---

[2] *See People v Stockard, supra,* where, in considering the withdrawal of a guilty plea entered prior to June 1, 1973, the Court said: "Since we are concerned here with a plea entered prior to the effective date of the new rule, we do not decide the issue of whether the *Cochrane [People v Cochrane,* 40 Mich App 316, 317; 198 NW2d 417 (1972)] standard has continuing validity to pleas entered on or after June 1, 1973."

defendant could not recall the events for which he was charged. In this respect the case is distinguishable from *People v Henley,* 36 Mich App 672; 194 NW2d 109 (1971), where a defendant prevailed when his motion to withdraw a guilty plea was supported by psychiatric reports. In the present case the record discloses that prior to any proceedings being taken, defendant was forensically examined and found competent to stand trial. He was also examined by a private psychiatrist but the psychiatrist's report was not made available. A claim that recollection is lost through amnesia or confusion is conclusionary only. Its acceptance at face value without at least some supporting evidence can be easily abused. Though not determinative in our decision we note that while defendant subsequently expressed dissatisfaction with his attorney, counsel did succeed in reducing the charge from murder in the first degree to second-degree murder. Accordingly, we find no abuse of discretion.

Even if the liberal standards for withdrawal of pleas as pronounced in *Case* and *Cochrane, supra,* should be held unchanged by GCR 1963, 785.7(4)— an assumption we do not accept—we still find no error in the trial court's refusal to allow withdrawal of the plea. In both *People v Case,* 340 Mich 526; 65 NW2d 803 (1954), and *People v Davis,* 372 Mich 402; 126 NW2d 725 (1964), refusal to set aside a plea of guilty was found not to be an abuse of discretion. In each case the request to withdraw came during sentence proceedings and after defendant had reason to believe the suggested sentence structure would be unsatisfactory. The same situation exists in the instant case. On . July 17, 1973, notice was sent of final disposition. Hearing on the notice was held July 30, at which

time the court, in reply to defendant's request to change his plea, said:

"Now, the court has carefully read your presentence report and was prepared to impose sentence this morning in accordance with that report and in accordance with conferences between the Probation Department, the court and your counsel and in the court's opinion you have been very well advised and your case has been very well handled by Mr. McColl."

In *People v Zaleski,* 375 Mich 71, 81; 133 NW2d 175 (1965), the Supreme Court held that the reason given to justify the withdrawal of a plea should be evidentially supported. In that case the supportive evidence was a letter from a naturopathic physician that defendant suffered from nervous indisposition and stomach ulcers. The Court found a "paucity of persuasive reason offered * * * of such magnitude that it leaves defendant's motion bordering on the frivolous." While we would not say that defendant's request in the present case was frivolous, we do find a *total* lack of supportive testimony.

Defendant's second ground for error is that the trial court's determination of the factual basis for the plea and its truthfulness is defective in two respects. First, defendant asserts that because GCR 1963, 785.7, was not in effect on April 26, 1973, the trial court was bound to follow GCR 1963, 785.3(3), which was held in *People v Carlisle,* 387 Mich 269; 195 NW2d 851 (1972), to impose upon the trial judge a duty to question the defendant directly. A similar claim was made and rejected in *People v Curry,* 48 Mich App 545, 549; 210 NW2d 791 (1973). Speaking to the duties of a trial judge with respect to a plea of nolo contendere accepted prior to the effective date of GCR 1963, 785.7, the court found that the factual basis

determination was adequate even if conducted as mandated by the new rule:

"Defendant contends that MCLA 767.37; MSA 28.977 requires that a nolo plea be treated exactly as if it were a plea of guilty, and therefore GCR 1963, 785.3(2) requiring the factual basis of a guilty plea to be established prior to acceptance must also apply to a plea of nolo contendere. See *People v Carlisle,* 387 Mich 269; 195 NW2d 851 (1972), for the foundation of the rule that the trial judge must interrogate the defendant to establish the factual basis for a guilty plea. While *Carlisle* coupled with MCLA 767.37; MSA 28.977, would seem to require that the trial judge interrogate the defendant to establish the factual basis of the defendant's plea of nolo contendere, recently enacted GCR 1963, 785.7(3), effective June 1, 1973, reflects the Supreme Court's position *that a plea of nolo contendere and plea of guilty are not to be treated exactly the same.* Indeed, the new court rule specifically bars the trial court from interrogating the defendant regarding his or her participation in the crime. GCR 1963, 785.7(3)(d). However, the new court rule does require the court to conduct a hearing to establish substantial support for a finding that the defendant is in fact guilty of the charged offense. *We conceive Carlisle to have required, therefore, that as a minimum the trial judge conduct an investigation into the factual basis of defendant's plea of nolo contendere, as is now mandated by GCR 1963, 785.7(3)(d)."* (Emphasis supplied.)

Similarly, in *People v Conville,* 55 Mich App 251; 222 NW2d 312 (1974), this Court recently considered a plea of nolo contendere taken three days before the effective date of the new court rule. The Court observed that while the rule was not effective until June 1, 1973, it was adopted March 16, 1973, and accordingly it was not error if in the taking of the plea the court followed the proposed . new rule. In the present case a thorough investigation covering some 15 pages of testimony was

made as presently mandated by the new court rule. Furthermore, the new rule had already been adopted.

Second, defendant claims defect in the factual basis determination because the court failed to inform defendant of any possible defenses to the crimes with which he was charged. Defendant cites *People v Stoner,* 23 Mich App 598; 179 NW2d 217 (1970), as authority for this position. We do not construe *Stoner* as standing for this rule. In fact, the court suggested the contrary:

> "*While a trial judge may not be obliged to search out possible defenses,* in this case it has not been made to appear that Stoner planned or participated in the commission of the robbery. While Stoner was present when 'someone' planned or suggested commission of a robbery, he claimed he was too drunk to care what happened. And while he obtained proceeds of the alleged robbery, he did not recall the robbery itself or participating in it. A factual basis for his guilty plea was not established." 23 Mich App 598, 607. (Emphasis supplied.)

Reversal in *Stoner* occurred because the factual basis determination was found to be incomplete rather than because the Court found there was a duty imposed on the lower court to advise defendant of possible defenses. See also *People v Catlin,* 39 Mich App 106, 108; 197 NW2d 137 (1972).

Affirmed.