Memorandum. Judgment of conviction affirmed.
On this appeal from a conviction of attempting to tamper with a sporting event (Penal Law, §§ 110.00, 180.50), defend *27 ant argues that his actions did not reach the "attempt stage” and that section 180.50 of the Penal Law is unconstitutional.
In order to determine whether defendant’s actions constituted an "attempt” as having reached a point where they "tended to effectuate the commission of the crime” no general rule can or should be formulated. The better method of determining whether a certain factual situation is an attempt is on a case by case basis, and where the line is to be drawn must depend on the type of crime involved (People v Werblow, 241 NY 55, 61). Since defendant, a jockey, appeared in the paddock area where he was to mount his horse for the race with the electrical device shortly before post time, his actions went beyond mere preparation and come sufficiently close to the commission of the crime (see People v Collins, 234 NY 355, 359-360; People v Sullivan, 173 NY 122, 133; People v Gormley, 222 App Div 256, affd 248 NY 583; cf. People v Rizzo, 246 NY 334).
Section 180.50 of the Penal Law is not unconstitutional especially when read in the light of the Rules and Regulations of the New York State Racing and Wagering Board (9 NYCRR 4000.1 et seq.). Moreover, the Legislature did not delegate it legislative powers in derogation of section 1 of article III of the New York State Constitution. It is clear that the Legislature has the general power to delegate to administrative authorities and agencies the power to establish rules and administer them. The sole requirement is that a reasonable standard is formulated (see Darweger v Staats, 267 NY 290, 306; People v Malmud, 4 AD2d 86; People v Einhorn, 75 Misc 2d 183; People v Carmichael, 56 Misc 2d 388, 391).
Concur: Hogan, P. J., Glickman and Farley, JJ.