PEOPLE v. JACKSON.

OPINION OF THE COURT.

1. CRIMINAL LAW—PROCEDURE—PLEA OF GUILTY—WITHDRAWAL OF GUILTY PLEA.

    Denial of defendant's motion to withdraw his plea of guilty without holding a hearing on the voluntariness of the plea, when matters asserted as grounds for withdrawal of the plea could only be established by an evidentiary hearing *held*, an abuse of discretion by the trial court.

DISSENTING OPINION.

QUINN, P. J.

2. CRIMINAL LAW—PROCEDURE—PLEA OF GUILTY—WITHDRAWAL OF GUILTY PLEA.

    *A self-serving assertion that a plea of guilty was coerced, without some corroborating evidence, should not refute that which was established by the transcripts of the proceedings at which the plea was accepted nor should it form a basis for an evidentiary hearing as to such assertion.*

Appeal from Monroe, Weipert (William J., Jr.), J. Submitted Division 2 December 5, 1967, at Lansing. (Docket No. 3,490.) Decided August 28, 1968.

Andrew Jackson was convicted on plea of guilty of armed robbery on April 6, 1962. Defendant subsequently moved to withdraw the plea. Motion

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 503 *et seq.*

denied. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Paul E. Braunlich,* Prosecuting Attorney, for the people.

*Thomas W. Prudden,* for defendant on appeal.

T. G. KAVANAGH, J. In this cause, on order of the Michigan Supreme Court, counsel was appointed for the defendant for the purpose of assistance in appropriate post-conviction proceedings. Such counsel made two motions, one for the disqualification of the judge who accepted defendant's plea and one for the withdrawal of the plea.

The judge who accepted the plea stated that he withdrew voluntarily and the first motion for disqualification was accordingly granted. The second motion for withdrawal of the plea was denied without an evidentiary hearing on the matters asserted as grounds for withdrawal of the plea.

In our view the matters asserted as grounds for the withdrawal of the plea, *viz.:* that the plea was induced by threats and promises made by police officers, could only be established by an evidentiary hearing, and if established would require the grant of the motion to withdraw the plea.

To deny the motion without such hearing was an abuse of discretion.

Reversed and remanded for a hearing on the voluntariness of the plea.

LEVIN, J., concurred with T. G. KAVANAGH, J.

QUINN, P. J., *(dissenting).* The arraignment and sentence transcripts establish that defendant pleaded

guilty freely, voluntarily and understandingly, and demonstrate affirmatively that he did not plead because of any pressure, force, promise or against his will. In addition, defendant acknowledged that he was treated properly by the officers and further acknowledged his participation in the crime with which he was charged. It is my view that his present self-serving assertion that the plea was induced by threats and promises made by police officers, without some corroborating evidence, does not refute that which the transcripts establish nor does it form a basis for ordering an evidentiary hearing as to such assertion.

Defendant raises 2 other issues on appeal, neither of which merits discussion.

I vote to affirm.