## PEOPLE v THOMAS

### Opinion of the Court

1. Criminal Law—Plea of Guilty—Withdrawal of Plea—Coercion.

A motion to withdraw a guilty plea, made at the sentencing proceedings, should be granted where the defendant can show coercion beyond mere allegation.

2. Criminal Law—Plea of Guilty—Withdrawal of Plea—Coercion—Hearing on Issue—Discretion of Judge.

A defendant who moves to withdraw an allegedly coerced guilty plea is entitled to a hearing on the issue of coercion; if there is evidence of coercion, the trial court shall exercise its discretion with great liberality to determine whether the plea should be set aside.

### Dissent by T. M. Burns, P. J.

3. Criminal Law—Plea of Guilty—Withdrawal of Plea.

*A defendant's motion to withdraw a guilty plea, made before sentencing, should be granted where the request is not obviously frivolous.*

4. Criminal Law—Plea of Guilty—Withdrawal of Plea—Right to Trial.

*A defendant who has moved to withdraw his guilty plea prior to sentencing is entitled to a trial, not a hearing on the grounds for the motion, where the request is not obviously frivolous.*

Appeal from Berrien, Julian E. Hughes, J. Submitted November 6, 1975, at Grand Rapids. (Docket No. 23105.) Decided January 8, 1976. Leave to appeal denied, 396 Mich —.

Albert W. Thomas was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Re-

REFERENCE FOR POINTS IN HEADNOTES
[1-4] 21 Am Jur 2d, Criminal Law §§ 491, 503–508.

manded for a hearing on the voluntariness of the plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Sally M. Zack,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

V. J. BRENNAN, J. Defendant, Albert William Thomas, was charged with armed robbery. MCLA 750.529; MSA 28.797. On January 29, 1974, defendant pled guilty to the crime and was sentenced to life in prison on February 11, 1974.

The defendant was informed of his rights by the plea-taking court. He further indicated that his plea was voluntary and free from coercion. However, at the sentence proceedings the defendant stated that he wanted to withdraw his plea. Defendant stated he had pled guilty because "some officer" told him that the judge was angry with him, was going to "get him", and that it would be easier on him if he pled guilty. The sentencing court denied the defendant's request to withdraw the plea. Defense counsel then moved for a postponement so that defendant could offer proof of the alleged coercion. The court denied the motion and proceeded with sentence.

Defendant now appeals alleging: (1) the court abused its discretion in denying the motion for plea withdrawal, (2) the court should have *sua sponte* ordered a competency hearing, (3) the plea was involuntary because defendant was intoxi-

cated at the time of the plea, and his counsel was ineffective.

Under the liberal standard of plea withdrawal, defendant should be granted his motion for withdrawal if he can show coercion beyond mere allegation. *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975), *People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965). We, therefore, remand this case to the trial court for a hearing on the issue of coercion. *People v Jackson,* 13 Mich App 52; 163 NW2d 679 (1968). If the defendant cannot substantiate his claim, the plea shall stand. If there is evidence of coercion, the trial court shall then exercise its discretion with great liberality to determine whether the plea should be set aside.

We find the remaining issues completely without merit.

Remanded for proceedings consistent with this opinion.

M. F. CAVANAGH, J., concurred.

T. M. BURNS, P. J. *(dissenting).* In accordance with my opinion in *People v Cochrane,* 40 Mich App 316; 198 NW2d 417 (1972), I would reverse and remand for an order allowing withdrawal of the plea and a new trial.

Our Supreme Court has recently reaffirmed its position that motions to withdraw should be granted where the request is not obviously frivolous. *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975).

I believe that the clear intention of the Supreme Court as expressed in *Lewandowski, supra,* is that in cases such as the one at bar, the cause should be remanded for trial, not for a hearing on the question of the voluntariness of defendant's plea.