PEOPLE v HAYES

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—TRIAL
    COURT'S DISCRETION—GREAT LIBERALITY.

    A trial court's discretion to allow a defendant to withdraw his
    guilty plea prior to sentencing must be exercised with great
    liberality; therefore, a trial court's refusal to allow withdrawal
    of a guilty plea will be reversed where the defendant indicated,
    prior to sentencing, that he wished to withdraw his guilty plea
    and asserted that he was innocent and that his plea had not
    been voluntary because he had been pressured into pleading by
    his co-defendants.

Appeal from Genesee, Ollie B. Bivins, Jr. Submitted May 13, 1976, at Detroit. (Docket No. 24346.) Decided August 5, 1976.

Terry L. Hayes was convicted, on his plea of guilty, of attempted larceny in a building. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Peter A. Marroso,* for defendant.

Before: J. H. GILLIS, P. J., and M. F. CAVANAGH and McGREGOR,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 491, 503–506.

Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof. 97
    ALR2d 549.

* Retired Court of Appeals judge, sitting on the Court of Appeals by

Per Curiam. Defendant appeals a plea-based conviction of attempted larceny in a building, MCLA 750.92; MSA 28.287. The plea was accepted by the Genesee County Circuit Court which subsequently sentenced defendant to a term of from 16 months to 2 years in prison with credit for 82 days served.

On appeal, defendant's sole contention is that the trial court erred when it refused defendant's request to withdraw his plea. Defendant made this request prior to sentencing. In moving to withdraw his plea, defendant asserted that he was innocent and, because he had been pressured into pleading by his co-defendants who wished to accept the bargain offered by the prosecutor, his plea was not voluntarily entered.

In *People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191 (1960), the Supreme Court established a rule favoring the acceptance of legitimate requests for withdrawal of a guilty plea prior to sentencing:

"Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence, the plea should be granted. The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right."

See also *People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965).

Subsequent cases have manifested a variance in policy between the Supreme Court and this Court concerning the instant issue. This Court has exhibited a reluctance to allow withdrawals based solely

assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

on a defendant's assertions and has favored upholding the trial court's discretion. See *e.g., People v Rodriguez,* 61 Mich App 42; 232 NW2d 293 (1975), *People v Thomas,* 66 Mich App 594; 239 NW2d 427 (1976). *Cf. People v Cochrane,* 40 Mich App 316; 198 NW2d 417 (1972). The Supreme Court has stressed that this discretion be exercised with "great liberality". *People v Bencheck, supra,* at 432, *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975).

The *Lewandowski* case is especially instructive. There, prior to sentencing, defendant asked to withdraw his plea based on a number of unsupported assertions. As here, he professed his innocence and claimed that his pleas were not entered voluntarily. Defendant in *Lewandowski* also asserted that, at the time he pled, he had no recollection of the incident on which the charges against him were based and that, since the pleas, he had regained his memory of the incident. No medical testimony was furnished to support this latter allegation.

On appeal, this Court held that a June 1, 1973, modification of GCR 1963, 785.7(4) altered the "great liberality" standard of *Bencheck. People v Lewandowski,* 58 Mich App 18; 226 NW2d 843 (1975). Applying an "abuse of discretion" standard, we upheld the trial court's refusal to allow withdrawal of the plea. Subsequently, we reheard the case after a Supreme Court order which indicated the continuing vitality of the *Bencheck* standard. Applying the "great liberality" test, we again upheld the trial court. *People v Lewandowski (On Rehearing),* 60 Mich App 455; 231 NW2d 392 (1975). The Supreme Court, however, citing *Bencheck* and *Zaleski,* reversed this holding in a brief *per curiam* opinion.

In this case, we believe that defendant's failure

to support his request to withdraw his plea with any affidavits or other evidence should require either an affirmance of his conviction or a remand for him to provide such additional information to the trial court. However, we find ourselves constrained by *People v Lewandowski* to order the trial court to allow defendant to withdraw his plea. Defendant here has presented as much support for his request as did the defendant in *Lewandowski.* Therefore, we reverse the trial court's refusal to allow plea withdrawal and remand for further proceedings.