PEOPLE v FERNS

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—JUDGE'S DISCRETION.

A trial judge's discretion is to be exercised with great liberality when a guilty plea withdrawal motion is made by a criminal defendant prior to sentence or commencement of trial.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—ASSERTION OF INNOCENCE—NONFRIVOLOUS REQUEST.

A criminal defendant's request to withdraw his guilty plea should be granted where a defense of innocence is asserted at the time of the request, the request is not obviously frivolous and is made before commencement of trial and before sentence.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—ASSERTION OF INNOCENCE—NONFRIVOLOUS REQUEST—RIGHT TO JURY TRIAL.

A trial judge should not impede a criminal defendant's right to a jury trial even if he has what may prove to be a well-founded belief in the defendant's guilt, where the defendant requests withdrawal of his guilty plea, the request is not obviously frivolous, there is an assertion of innocence and the request is made before commencement of trial and before sentence.

4. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—JUDGE'S DISCRETION—NONFRIVOLOUS REQUEST.

Refusal to vacate a criminal defendant's guilty plea is an abuse of a trial judge's discretion where the defendant, although already incarcerated and faced with a threat of life imprisonment at the time of his plea, later repeatedly insists that he is innocent and wishes to change his plea even if the people could then proceed on other pending charges against him, because such declarations are persuasive that defendant's recantation was indeed nonfrivolous.

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Appeal from Macomb, Robert J. Chrzanowski, J. Submitted October 13, 1976, at Detroit. (Docket No. 26666.) Decided November 23, 1976.

Mark A. Ferns was convicted, on his plea of guilty, of receiving stolen property over the value of $100. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *William Alan Dardy,* Assistant Prosecuting Attorney, for the people.

*Goldstein & Raznick, P. C.* (by *Lawrence S. Katz),* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and N. J. KAUFMAN and D. C. RILEY, JJ.

PER CURIAM. Defendant Mark Ferns, in return for the dismissal of four other pending charges, pleaded guilty to a single count of receiving stolen property over a value of $100, MCLA 750.535; MSA 28.803.

At the later sentence hearing, but before the actual imposition of sentence, the following exchange between defendant and the judge took place:

*"The Court:* Mr. Ferns, anything you'd like to say?

*"The Defendant:* Yes. I'd like to dismiss my Court appointed attorneys because I feel that the attorneys haven't helped me. I feel that I've been under a lot of duress since being incarcerated because when I went to Court in Warren for imperative *(sic)* driving and use of marijuana, my attorneys was there and they come down, they got a waiting cell there and they came down

there, and they was talking to me, and they told me that I'm considered a habitual criminal and that I could get life imprisonment. After I thought about that a lot, and I really got shook up about that. I couldn't think right or nothing. So, then, they told me later about this plea. So, I feel that I have been scared about what they told me, so I said I'd do that. So, when I came to court here, I took that plea, and my lawyers—my lawyer, Mr. Vernon Alger—they had a paper for me to sign, a statement, and he told me what to write on the statement, so I wrote that out, and when we come in here and say the statement to what happened towards the crime, they told me what to say, or the statements, so I said that, and I feel that I was not thinking clearly to give that statement, and I feel I was shook up, and I was really scared about what they told me in the first place, so I said that, and I feel that I'm more liable now in making my own decision, and that I feel that I didn't make the right decision in the first place. For them reasons, I'd like to dismiss my lawyers and withdraw my plea.

*"The Court:* Are you telling me that you're not guilty of this offense?

*"The Defendant:* Yes."

Although defendant's two defense attorneys denied that they had dictated the wording of the guilty plea form, they did acknowledge the discussion of a "potential" life term under the habitual criminal statute.

The sentencing judge then informed defendant that if the court allowed defendant to withdraw the plea, the prosecutor could proceed on the other four charges as well as the instant charge. Defendant replied that he was aware of the possibility, but nonetheless wished to withdraw his plea:

*"The Defendant:* * * * I feel that I wasn't in my right state of mind to do that *[i.e.* plead guilty], and I feel that if I had a fair trial, if I'm found guilty of something, I'm willing to accept, to take what's coming to

me, but I was so nervous and shook up from what they told me that I just couldn't think right to make that plea * * * ."

The sentencing judge denied defendant's request and imposed a term of 2 to 5 years in prison.

On appeal, defendant contends that the threat of possible life imprisonment made known to him while he was in jail on another charge hung over him like a sword of Damocles and thus coerced him into pleading guilty.

*People v Bencheck*, 360 Mich 430; 104 NW2d 191 (1960), serves as the guiding light on the issue before us. There the Court observed:

"[T]his Court's decisions suggest that the trial judge's discretion be exercised with great liberality when the [plea withdrawal] motion is made prior to sentence or commencement of trial. *People v Piechowiak*, 278 Mich 550 [270 NW 783 (1936)], *People v Stone*, 293 Mich 658 [292 NW 520 (1940)], *People v Sheppard*, 316 Mich 665 [26 NW2d 557 (1947)], *People v Anderson*, 321 Mich 533 [33 NW2d 72 (1948)].

* * *

"Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is *not obviously frivolous* and is made before commencement of trial and before sentence, the plea should be granted. The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right." *Id.* at 432–433. (Emphasis added.)

We are not in a position to say that defendant's change of heart is "obviously frivolous".[1] It is

---

[1] We take issue with the standard enunciated by another panel of this Court in *People v Thomas*, 66 Mich App 594, 239 NW2d 427 (1976). Relying ostensibly on *People v Lewandowski*, 394 Mich 529; 232 NW2d 173 (1975), and *People v Zaleski*, 375 Mich 71; 133 NW2d

certainly plausible that the threat of life imprisonment weighed heavily in the decision of this already incarcerated defendant to plead guilty. Defendant's repeated insistence that he was innocent of the pleaded charge and that he wished to change his plea even if the people could then proceed on the other pending charges persuades us that his recantation was indeed nonfrivolous.

Applying, then, the great liberality standard governing plea withdrawal, *Bencheck, supra,* we hold that the sentencing judge abused his discretion in refusing to vacate defendant's plea.

Reversed and remanded for trial.

---

175 (1965), the Court (T. M. BURNS, P. J., dissenting) in *Thomas* held that a defendant's motion for plea withdrawal should be granted where defendant "can show [that] coercion beyond mere allegation," (66 Mich App at 596) prompted his plea. In *Lewandowski, supra,* the Supreme Court, in a terse memorandum opinion, reversed the decisions of the trial court and this Court denying defendant's motion to withdraw his pleas and remanded to the trial court for proceedings on the original charges in light of *Bencheck* and *Zaleski, supra.* It is apparent from the quoted extract from *Bencheck, supra,* that the Supreme Court requires the exercise of judicial discretion with great liberality where defendant's motion to withdraw the plea is "not obviously frivolous". A similar test was applied in *Zaleski, supra,* where the Supreme Court denied defendant's plea withdrawal motion because the defendant's reasons offered in support of it were so insubstantial that they "border[ed] on the frivolous". 375 Mich at 81.