PEOPLE v SHEARS

Docket No. 77-176. Submitted May 10, 1978, at Lansing.—Decided June 19, 1978.

Patrick D. Shears was convicted of forgery and uttering and publishing in Washtenaw Circuit Court, William F. Ager, Jr., J. Defendant appeals and claims that he was charged under the wrong forgery and uttering and publishing statutes. *Held:*

It is not possible for a prosecutor to pick and choose under which forgery and uttering and publishing statute he will prosecute; the statutes are different and he is required to charge under the statute which fits the facts. It is reversible error to charge a defendant under the wrong statute.

Reversed.

FORGERY—UTTERING AND PUBLISHING—INDICTMENT AND INFORMATION —PROSECUTOR'S ELECTION—APPEAL AND ERROR—STATUTES.

Under the statutes on forgery and uttering and publishing, properly construed, it is not possible for the prosecutor to pick and choose under which statute he will prosecute; prosecutors are required to charge under the statute which fits the facts and to charge a defendant under the wrong statute results in reversible error (MCL 750.248, 750.249, 750.250, 750.253; MSA 28.445, 28.446, 28.447, 28.450).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *James S. Sexsmith,* Senior Assistant Prosecuting Attorney, for the people.

*Matuszak & Stillwagon,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
36 Am Jur 2d, Forgery §§ 20, 39.
41 Am Jur 2d, Indictments and Informations § 226.

Before: Beasley, P. J. , and Allen and H. E. Deming,* JJ.

Beasley, P. J. Defendant was convicted by a jury of forgery in violation of MCL 750.248; MSA 28.445 and uttering and publishing in violation of MCL 750.249; MSA 28.446. After sentence to a term not less than 4 years nor more than 14 years in prison, he appeals as of right.

. Defendant claims he was improperly charged: he says that since the instrument involved was a state-issued ADC check, he should have been charged under MCL 750.250; MSA 28.447 and MCL 750.253; MSA 28.450, which statutes carry a lesser maximum prison sentence. The issue was raised in the trial court both before and during trial; therefore, the issue is properly preserved for appellate review.

Specifically, defendant says MCL 750.250; MSA 28.447 makes it a felony to forge a warrant or other instrument issued by the state treasurer and that MCL 750.253; MSA 28.450 makes it a felony to utter or pass any forged note or certificate for any debt of the state knowing the same to be forged with intent to defraud. He says the state ADC check in question comes exclusively under MCL 750.250; MSA 28.447 and MCL 750.253; MSA 28.450, and not under the statutes he is charged and convicted of violating. He concludes an instrument comes under §§ 248 and 249 or under §§ 250 and 253, but cannot come under both.

This issue is controlled by *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974). In that case, the Court distinguished the general provisions of § 248 from the provisions of § 250 which are limited to state instruments and upheld the constitutionality

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of the difference in penalties. We interpret *People v Hall* to require prosecutors to charge under the statute which fits the facts. In fact, the Court said:

"It is not possible under these statutes, properly construed, for the prosecutor to pick and choose under which statute he will prosecute. The items set forth in § 250, *et seq.* are indictable solely under those sections, and not under §§ 248 and 249." *People v Hall, supra,* p 190.

Clearly, the state-issued ADC check comes under § 250.

Similar reasoning applies to § 249 which proscribes uttering and publishing in general while § 253 covers uttering and publishing of state issued instruments. On the facts of this case, it was error to charge defendant under §§ 248 and 249 and to sentence him thereunder.

In so ruling, we recognize that the *Hall* Court said that part of the rationale for the decision was nonnegotiability of state-issued instruments. The *Hall* Court declined to decide the effect of the UCC.[1] Perhaps, the Supreme Court will desire to give consideration to the fact that the cited section of the UCC appears to give the quality of negotiability to state-issued instruments. Until the Supreme Court does, it would be presumptuous of this Court to seem to attribute a different meaning to *Hall* than its plain language suggests.

Reversed.

---

[1] MCL 440.3104; MSA 19.3104, which sections are referred to in footnote 9 on page 198 of *People v Hall, supra.*