## PEOPLE v CARMICHAEL

Docket Nos. 77-235, 77-236. Submitted April 5, 1978, at Lansing.—
Decided October 17, 1978. Leave to appeal applied for.

Frederick Carmichael was convicted, on his pleas of guilty, of two
counts of larceny in a building and of being a third-time felony
offender, Bay Circuit Court, John X. Theiler, J. The defendant's
motion to withdraw his guilty pleas, made prior to sentencing,
was denied. The defendant appeals. *Held:*

The trial court was in error in denying the defendant's
motion where the defendant's alcohol withdrawal was obvious
at the plea-taking session and where the withdrawal may well
have made the defendant's pleas involuntary.

Reversed and remanded.

1. CRIMINAL LAW—PLEAS OF GUILTY—WITHDRAWAL OF PLEA OF
GUILTY—MOTION.

Defendants who move to withdraw guilty pleas in Michigan have
no absolute right to do so; nonetheless, requests for withdrawal
of guilty pleas based upon claims not patently frivolous which
are made prior to sentencing and accompanied by an assertion
of innocence should be viewed with great liberality by the trial
court.

2. LARCENY—STATUTES—LEGISLATIVE INTENT—SHOPLIFTING.

It was not the intent of the Legislature to have the larceny in a
building statute applicable in shoplifting cases.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*Janet Tooley,* Assistant State Appellate Defender, for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 504.

[2] 50 Am Jur 2d, Larceny §§ 49, 50.

Validity, construction, and effect of statutes establishing shoplifting
as specific criminal offense. 90 ALR2d 811.

Before: Allen, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

V. J. Brennan, J. On October 27, 1975, defendant Frederick Carmichael pled guilty before Bay County Circuit Judge John X. Theiler to two counts of larceny in a building, contrary to MCL 750. 360; MSA 28.592. Defendant was also convicted of being a third-time felony offender, contrary to MCL 769.12; MSA 28.1084. Defendant was sentenced to 7 to 16 years in prison. He appeals as of right under GCR 1963, 806.1.

The factual circumstances leading to the present convictions bear statement. Defendant was originally charged with four counts of larceny in a building. Three counts arose from thefts or attempted thefts of meat from local grocery stores. The fourth count was brought when defendant was found sleeping in a neighborhood garage. The supplemental information charging defendant as a fifth felony offender was also filed at the same time. Pursuant to plea bargain, prosecution agreed to dismiss two of the four larceny charges in exchange for defendant's plea of guilty to the other two charges. Defendant would plead guilty as well to the supplemental information, though only as a third felony offender.

After defendant's pleas of guilty were entered but before sentencing, motion was made to withdraw the pleas on four principal grounds. Defendant alleged that he was intoxicated at the time of the larceny committed on Saturday, October 25, 1975. Further claim was made that defendant's pleas were coerced by comments of his attorney to the effect he would leave prison "in a pine box". Defendant claimed he was incapacitated by alcoholic withdrawal at the point he was forced to plead guilty on Monday, October 27, 1975. Finally, defendant claims invalid charges brought in the

supplemental information charging him as a fifth felony offender made his plea bargain illusory.

Pursuant to a careful and exhaustive discussion of each claim supporting withdrawal, Judge Theiler found none of defendant's allegations persuasive and denied his motion. The principal claim of appeal which we will discuss results from this denial. We need address only this claim at any length.

We recognize that defendants moving to withdraw guilty pleas in Michigan have no absolute right to do so. *People v Flanagan,* 72 Mich App 613, 614; 249 NW2d 872 (1976). Nonetheless, both decisions of the Michigan Supreme Court and this Court clearly indicate that requests for withdrawal of guilty pleas based upon claims not patently frivolous which are made prior to sentencing and accompanied by an assertion of innocence should be viewed with great liberality by the trial court. *People v Hayes,* 70 Mich App 580; 246 NW2d 154 (1976), *People v Thomas,* 66 Mich App 594, 596; 239 NW2d 427 (1976), *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975), *People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191 (1960).

In reviewing existing decisions, we find much similarity with the present case. The most recent communication from the Supreme Court is *Lewandowski.* The major claim made by defendant in that case parallels closely defendant's claim in this case that withdrawal symptoms so affected him as to make his plea involuntary. In *Lewandowski,* where defendant pled guilty to second-degree murder in the shooting death of his wife and wounding of a subsequent pursuer, defendant later attempted to withdraw his pleas claiming he suffered amnesia at the time the pleas were taken. *People v Lewandowski,* 58 Mich App 18; 226

NW2d 843 (1975), *on reh,* 60 Mich App 455; 231 NW2d 392 (1975). In the first appeal, we required that defendant demonstrate an abuse of discretion before denial of his motion for withdrawal would be disturbed. On rehearing, we found that though defendant's claims were not frivolous he had failed to produce the necessary evidentiary support for his allegations of amnesia. The Supreme Court reversed in a simple one page opinion, citing *People v Bencheck, supra,* and *People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965).

We see much to compare between the facts presented in *Lewandowski* and the claim asserted by defendant here. Defendant in *Lewandowski* asserted his innocence and contended that his guilty plea was not entered voluntarily. In the present case, we find defendant sufficiently asserted his innocence in the written motion to withdraw his guilty plea. In *Lewandowski,* defendant's claim was made before sentencing. We find the same true here. However, whereas in *Lewandowski* defendant offered no factual evidentiary support for his claim of amnesia, defendant in the present matter submitted much record testimony to the effect that his plea was tainted by the effects of his withdrawal. In this regard, we find defendant's position much stronger than that of *Lewandowski.* See also *People v Hayes,* 70 Mich App 580; 246 NW2d 154 (1976).

Consequently, we are forced to find the trial court in error for denying defendant's motion where alcohol withdrawal was obvious and may well have made his pleas involuntary.

We will not address defendant's other allegations of error regarding the denial of his motion. However, we will comment upon the practice which gave rise to many of defendant's other

claims. What we refer to is the Bay County Prosecutor's penchant for overcharging defendant. We see problems in this case both as to the prosecutor's (1) charging of this defendant under the habitual offender statute and (2) his original charging on the larceny incidents where they should have been simple larceny charges. It was not the intent of the Legislature to have the larceny in a building statute applicable in shoplifting cases.

This Court recognizes fully the intent of the Legislature regarding use of the habitual offender statute. We also recognize fully the deterrent effect the statute has on released felons. This defendant's record goes back to 1936.

What became of charges for simple larceny with a maximum of 90 days county jail time? Why the compelling need in a case such as the present for charges involving four years maximum imprisonment for shoplifting against a person whose record clearly indicates acute alcoholism and mental problems? This Court suspects an abuse of process, and an abuse of discretion, on the part of the Bay County Prosecutor in this matter. The fact that on several occasions defendant sought to personally defend himself no doubt helped aggravate the prosecutor into these obvious overcharges. Certainly, defendant has pursued his legal options to the extreme. The record shows defendant a calculating person who has used the legal system as a vehicle and expression for his instability. However, we do not believe the prosecutor's response to defendant's behavior is a fair use of his office or a proper solution to remove defendant from taking undue advantage of the legal system. In fact, we are convinced the approach used by the prosecutor merely provided defendant with legitimate opportunity to imbed himself more securely in the legal machinery of this state.

The position the Bay County Prosecutor holds requires of him not only patience with defendants of this nature and their demands for certain rights, but even requires him to take certain abuses upon occasion. When we see the prosecutor becoming angry and oversensitive to such behavior to the extent that he uses his office to "teach a lesson", subjecting defendants to four years imprisonment for offenses that should only require minimum county jail time, we perceive a need to explore the practices of that office in order to determine if this kind of abuse is common.

Consequently, we remand this case to Bay County Circuit Court with instruction that defendant's motion to withdraw be granted and the trial court re-examine the nature of the charges in this matter.

We retain no further jurisdiction.