PEOPLE v BECKNER

Docket No. 78-3248. Submitted June 6, 1979, at Lansing.—Decided
July 26, 1979.

Debra D. Beckner was convicted, on her plea of guilty, of uttering
and publishing, Monroe Circuit Court, James J. Kelley, Jr., J.
The defendant appeals, alleging that she should have been
charged under the statute which gives specific reference to the
uttering and publishing of instruments issued by the state or
its political subdivisions rather than under the general statute
on uttering and publishing. *Held:*

1. In this case the check was issued by Monroe County. Thus
the acts charged against the defendant fall squarely within the
more specific statutory provision. The defendant was improp-
erly charged under the general statute.

2. The defendant's claim is not waived by her guilty plea
since a guilty plea does not waive a defendant's right to assert
that the state never had the power to proceed against her in
the first place.

Reversed and remanded.

CRIMINAL LAW — UTTERING AND PUBLISHING — STATE INSTRUMENTS
— STATUTES.

A statute which specifically prohibits the uttering and publishing
of instruments issued by the state or its political subdivisions
has the effect of removing the alteration of an instrument
issued by the state or one of its subdivisions from the coverage
of the general statute on uttering and publishing and a convic-
tion under the general statute for the uttering and publishing
of an instrument issued by the state or one of its subdivisions is
invalid (MCL 750.249, 750.253; MSA 28.446, 28.450).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Michael W. LaBeau,*
Prosecuting Attorney, and *Dale Lockwood,* Assist-
ant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
20 Am Jur 2d, Counterfeiting §§ 4, 5.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and R. CARROLL,* JJ.

PER CURIAM. Debra Darlene Beckner was charged with uttering and publishing, contrary to MCL 750.249; MSA 28.446. The complaint alleged that the instrument involved was a check in the amount of $128; that the drawer was Monroe County Social Services; that the drawee was Monroe Bank & Trust; that the payees were the defendant and Winston Scheer and that the instrument was endorsed "Debra Beckner" and "Winston Scheer".

On July 29, 1977, the defendant pled guilty to the charge, telling the trial court that Winston Scheer was her landlord and that the check was intended to assist her in paying her rent. She stated that she obtained the check from the drawer by delivery at the drawer's office, endorsed it and signed the name of Scheer without his consent and obtained payment of the instrument, presumably upon presentment at the drawee bank.

The trial court imposed a sentence of 5 to 14 years imprisonment; the defendant appeals as of right.

The statute under which the defendant was charged is MCL 750.249; MSA 28.446, which provides:

"Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged or

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 14 years."

MCL 750.253; MSA 28.450 states:

"Any person who shall utter or pass, or tender in payment as true, any such false, altered, forged or counterfeit note, certificate or bill of credit for any debt of this state, or any of its political subdivisions or municipalities, any bank bill or promissory note, payable to the bearer thereof, or to the order of any person, issued as foresaid, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment of not more than 5 years or by fine of not more than 2,500 dollars."

The defendant claims that she should have been charged under the latter more specific statute. We agree.

In *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974), a defendant accused of having altered a state treasurer's warrant issued to him for his wages was tried and convicted under the "common utterer" statute, § 249. The Supreme Court reasoned that the specific reference in § 253 to instruments issued by the state or its political subdivisions had the effect of removing the alteration of an instrument issued by the state or its subdivisions from the coverage of § 249, and held that the conviction under that section was invalid.

This Court reached a similar result in a case involving the uttering and publishing of an ADC "check" issued by the state in *People v Shears,* 84 Mich App 175; 269 NW2d 519 (1978).

The prosecution urges that *Hall, supra,* be restricted to apply only to warrants drawn upon the

state treasurer. There is no foundation for this argument. We note that the statutes addressing the forgery and uttering and publishing of public instruments refer not to instruments drawn on public entities but to instruments *issued by* the state or its political subdivisions. In this case, by the terms of the complaint, the check was issued by Monroe County. Thus, the acts charged against the defendant fall squarely within the more specific statutory provisions. See *People v Shears, supra.*

The prosecution also asserts that the defendant's claim is waived by her guilty plea. Entry of a guilty plea does not waive the defendant's right to assert that the state never had the power to proceed against her in the first place. That is the case when the charge is brought under an inapplicable statute. See *People v Alvin Johnson,* 396 Mich 424, 439-444; 240 NW2d 729 (1976), *Blackledge v Perry,* 417 US 21; 94 S Ct 2098; 40 L Ed 2d 628 (1974), *People v Parney,* 74 Mich App 173; 253 NW2d 698 (1977).

Reversed and remanded.