PEOPLE v RICHARD FORD

Docket No. 43987, Submitted November 6, 1979, at Grand Rapids.—
Decided January 16, 1980.

Richard J. Ford was convicted, on his plea of guilty, of uttering and publishing a forged document, Calhoun Circuit Court, Paul Nicolich, J. The circumstances of the offense were that Ford used someone else's credit card to obtain $21.30 from a gasoline service station. Ford appeals, alleging that he should have been charged with use of a stolen card rather than under the general uttering and publishing statute. *Held:*

In the circumstances of this case it was an abuse of prosecutorial discretion to charge the defendant with uttering and publishing, which carries a 14-year maximum penalty, rather than with use of a stolen credit card, which carried a four-year maximum.

Conviction vacated.

CRIMINAL LAW — PROSECUTOR'S DISCRETION — UTTERING AND PUBLISHING — USE OF STOLEN CREDIT CARD — STATUTES.

The question of whether a prosecutor has abused his discretion by charging a defendant under the general uttering and publishing statute for a credit card offense, rather than under the specific statute prohibiting use of a stolen credit card, should be decided on a case-by-case basis looking to the circumstances of each case (MCL 750.157q, 750.249; MSA 28.354[16], 28.446).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James D. Norlander,* Prosecuting Attorney, and *John H. Macfarlane,* Assistant Prosecuting Attorney, for the people.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
[1] 41 Am Jur 2d, Indictments and Informations §§ 97, 105.
    63 Am Jur 2d, Prosecuting Attorneys §§ 25-27.

Before: V. J. BRENNAN, P.J., and BEASLEY and G. E. BOWLES,* JJ.

PER CURIAM. Defendant pled guilty to a charge of uttering and publishing a forged document, contrary to MCL 750.249; MSA 28.446. He was sentenced to not less than four years nor more than 14 years in prison, to be served consecutively with a sentence defendant was already serving. Defendant appeals as of right.

On appeal, defendant claims that it was an abuse of prosecutorial discretion and a violation of general rules of statutory construction to charge defendant under the general uttering and publishing statute when the facts of the case better fit and are more applicable to the specific use of a stolen credit card statute, MCL 750.157q; MSA 28.354(16). Defendant argues that the group of statutes popularly known as the Thomas J. Anderson Credit Card Protection Bill is intended to cover all credit card crime. Defendant points out that while *People v Shaw*[1] and *People v Hester*[2] were good law at the time those decisions were handed down, the new statute[3] places this issue in a new light and raises the question in a way which has not yet been decided in Michigan.

In the within case, at the time of plea-taking, defendant stated that he used the credit card of a person named Al Johnson to obtain $21.30 from a Clark Oil and Refining Corporation station in Battle Creek. Specifically, he said that without permission or authority from Al Johnson he signed the name Al Johnson in order to obtain the money.

Under the circumstances indicated in the plea,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] 27 Mich App 325; 183 NW2d 390 (1970).

[2] 24 Mich App 475; 180 NW2d 360 (1970).

[3] MCL 750.157q; MSA 28.354(16).

we are inclined to agree with defendant that under cases like *People v LaRose*,[4] the credit card statute appears more applicable to the offense concerning which defendant pled guilty.

The question then remains whether, under these circumstances, discretion should remain in the prosecutor as to which statute he should charge defendant with violating.

We believe that this type of issue must be resolved on a case-by-case basis. In the within case, we note that the substance of the difference is that the general uttering and publishing statute under which defendant pled guilty carries a maximum penalty of 14 years, while the credit card statute which appears to be more fitting with relation to the facts of the within case carries a maximum penalty of four years. We note that, in this case, defendant obtained the sum of $21.30. We hold that, under the particular facts of this case, it was an abuse of prosecutorial discretion to charge defendant with the 14-year felony.

We, therefore, set aside defendant's conviction.

---

[4] 87 Mich App 298; 274 NW2d 45 (1978).