PEOPLE v JACKSON

Docket No. 43042. Submitted June 19, 1980, at Detroit.—Decided July 22, 1980. Leave to appeal denied, 409 Mich 930.

Joseph Jackson was convicted of obtaining money under false pretenses and uttering and publishing in Detroit Recorder's Court, Verne C. Boewe, J. The defendant appeals, alleging that: (1) his uttering and publishing convictions were based upon an improper statutory provision; (2) the evidence proffered in support of his convictions was insufficient; (3) errors occurred in the jury instructions; and (4) the trial judge engaged in improper questioning and prejudicial commentary while in the jury's presence. *Held:*

1. The prosecutor may not pick and choose under which of the statutes on forgery and uttering and publishing he will prosecute. The crimes set forth in the sections on forgery of notes issued for debt of state, forgery of bank bills and notes, uttering counterfeit notes and possession of counterfeit bank bills are indictable solely under those sections and not under the section on forgery of records and other instruments or the section on uttering and publishing forged instruments.

2. The defendant could only be prosecuted under the statute specifically prohibiting uttering and publishing state issued instruments, since he was charged with uttering and publishing payroll checks issued by the City of Detroit. The defendant's uttering and publishing convictions are vacated.

3. Alleged errors in jury instructions that are neither objected to nor made the basis for a requested curative instruction remain preserved for appeal only where the errors resulted in manifest injustice. This standard was not met in this case.

4. A trial judge has wide discretion in the conduct of a trial and may properly participate in the questioning of a witness.

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur 2d, Forgery § 39.
   41 Am Jur 2d, Indictments and Informations §§ 226-231.
[2] 5 Am Jur 2d, Appeal and Error § 891.
[3] 75 Am Jur 2d, Trial § 88.

The judge may not prejudice the rights of the defendant and where a case is being tried before a jury the judge must be especially careful that his questions or comments do not indicate partiality. The defendant was not denied a fair trial.

Affirmed in part and reversed in part.

1. FORGERY — UTTERING AND PUBLISHING — PROSECUTING ATTORNEYS — INDICTMENT AND INFORMATION.

A prosecutor is precluded from picking and choosing under which of the statutes on forgery and uttering and publishing he will prosecute; the crimes set forth in the sections on forgery of notes issued for debt of state, forgery of bank bills and notes and uttering counterfeit bank bills are indictable solely under those sections and not under the section on forgery of records and other instruments or the section on uttering and publishing forged instruments (MCL 750.249 *et seq.;* MSA 28.446 *et seq.*).

2. JURY — INSTRUCTIONS — ERROR — APPEAL.

Alleged errors in jury instructions that are neither objected to at trial nor made the basis for a requested curative instruction remain preserved for appeal only where the errors resulted in manifest injustice.

3. JUDGES — WITNESSES — QUESTIONING — PARTIALITY.

A trial judge has wide discretion in the conduct of a trial and may properly participate in the questioning of a witness, but the judge may not prejudice the rights of the defendant and where a case is being tried before a jury the judge must be especially careful that his questions or comments do not indicate partiality.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Henry & Dillard,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

N. J. KAUFMAN, P.J. Defendant was convicted by a Detroit Recorder's Court jury of one count of obtaining money under false pretenses, MCL 750.218; MSA 28.415, and two counts of uttering and publishing, MCL 750.249; MSA 28.446. He was sentenced to four to ten years imprisonment on the false pretenses conviction and 4 to 14 years on each of the uttering and publishing convictions. From these convictions and sentences, defendant appeals as of right under GCR 1963, 806.1.

Defendant raises four allegations of error in this appeal, which we shall address *seriatim*. First, defendant contends that his uttering and publishing convictions were based upon an improper statutory provision. As stated, defendant was convicted under MCL 750.249; MSA 28.446, which provides:

"Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than fourteen [14] years.

Defendant argues that, since the items allegedly uttered and published were City of Detroit payroll checks, instead of being charged under the aforementioned statute, he should have been charged under MCL 750.253; MSA 28.450, which provides:

"Any person who shall utter or pass, or tender in payment as true, any such false, altered, forged or counterfeit note, certificate or bill of credit for any debt of this state, or any of its political subdivisions or municipalities, any bank bill or promissory note, payable to the bearer thereof, or to the order of any person,

issued as aforesaid, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment of not more than five [5] years or by fine of not more than two thousand five hundred [2,500] dollars."

We agree. In *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974), the Supreme Court considered the same statutory provisions in controversy herein. In that case, the Court noted that § 249 was a general statutory provision prohibiting the forgery and uttering and publishing of most types of written instruments and of all negotiable instruments, while the proscription of § 250 was limited to instruments issued by the state or any of its political subdivisions or municipalities. The Court then reasoned that the specific reference in § 253 to instruments issued by the state or its political subdivisions had the effect of removing the alteration of an instrument issued by the state or its subdivisions from the general coverage of § 249, and held that the conviction under that section was invalid. See *Hall, supra,* 189-190. Additionally, the Court stated at 190:

"It is not possible under these statutes, properly construed, for the Prosecutor to pick and choose under which statute he will prosecute. The items set forth in § 250, *et seq.* are indictable solely under those sections, and not under §§ 248 and 249."

The instant defendant was charged with uttering and publishing state issued instruments; namely payroll checks issued by the City of Detroit. This precluded any prosecutorial discretion in the matter. The defendant could be properly prosecuted only under MCL 750.253; MSA 28.540. Plaintiff's counter argument suggests that, as per

*Hall,* § 250 *et seq.* should be interpreted to encompass only nonnegotiable instruments. This view finds no support in post *Hall* decisions however. See *People v Richard Ford,* 95 Mich App 412; 291 NW2d 60 (1980), *People v Beckner,* 92 Mich App 166; 285 NW2d 52 (1979), and *People v Shears,* 84 Mich App 175; 269 NW2d 519 (1978). Accordingly, we vacate defendant's uttering and publishing convictions and the sentences imposed thereon.

Next, defendant challenges the sufficiency of the evidence proffered in support of his convictions. With respect to defendant's "obtaining money under false pretenses" conviction, we have reviewed the evidence adduced and found that it was sufficient to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. *People v Hampton,* 407 Mich 354, 366; 285 NW2d 284 (1979).

Next, defendant contends that several errors occurred in the jury instructions. However, we note that defendant neither objected nor requested a curative instruction regarding these alleged instructional errors. Therefore, any error remains preserved for appeal only if it resulted in manifest injustice. MCL 769.26; MSA 28.1096, *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977), *People v Clemons,* 91 Mich App 68, 73; 282 NW2d 838 (1979). We do not find this standard met in the case at bar.

Finally, defendant argues that the trial judge engaged in improper questioning and prejudicial commentary while in the jury's presence. A trial judge has wide discretion in the conduct of a trial and may properly participate in the questioning of a witness. The judge may not, by doing so, prejudice the rights of the defendant. One proper role of questioning by the trial judge is to clarify points

and to elicit additional relevant information. *People v Hanna,* 85 Mich App 516, 520; 271 NW2d 299 (1978). Where a case is being tried before a jury, however, the judge must be especially careful that his questions or comments do not indicate partiality. An observation of the Michigan Supreme Court in *People v King,* 384 Mich 310, 315; 181 NW2d 916 (1970), becomes apt:

"While the weight of a trial judge's word may not equal the ton ascribed to the word of the President of the United States, he should remember how heavily it weighs with the jury."

See also *People v London,* 40 Mich App 124, 128; 198 NW2d 723 (1972).

In *People v Smith,* 64 Mich App 263, 267; 235 NW2d 754 (1975), this Court noted:

"Appellate courts in this jurisdiction have carefully scrutinized substantial claims of judicial partiality and have not required a specific showing of prejudice where such partiality is demonstrated. A new trial has been ordered where a judge's questions and comments *'may* well have unjustifiably aroused suspicion in the mind of the jury' as to a witness' credibility, (emphasis supplied), *Simpson v Burton,* [328 Mich 557, 563-564; 44 NW2d 178 (1950)] and where partiality *'quite possibly could* have influenced the jury to the detriment of defendant's case', (emphasis supplied), *People v Roby,* 38 Mich App 387, 392; 196 NW2d 346 (1972)."

Our review of the specific instances of judicial misconduct alleged by the defendant reveals that such occurred, for the most part, outside the presence of the jury. Moreover, the incident that occurred in front of the jury was a relatively brief one, provoked by defendant's statements and his adamancy in refusing to answer questions on

cross-examination. We do not find that this incident was sufficiently prejudicial so as to deny the defendant a fair trial under the standard set forth in *Smith, supra.*

In view of the foregoing, we affirm defendant's "obtaining money under false pretenses" conviction but set aside his uttering and publishing convictions because of his prosecution under an improper statute.