## PEOPLE v JOSEPH

Docket No. 48834. Submitted December 9, 1980, at Lansing.—Decided October 20, 1981. Leave to appeal applied for.

Mitchell M. Joseph was charged with obtaining possession of a controlled substance, Valium, and attempting to obtain possession of a controlled substance, Darvon, by passing forged prescriptions. Prior to the preliminary examination in these matters, the defendant moved to quash the complaint arguing that the prosecutor erred in charging him with felonies rather than with one or more misdemeanors that more particularly fit the facts of the case. The district court judge entered an order quashing the complaint. The people appealed to the Ingham Circuit Court. Ray C. Hotchkiss, J., affirmed the district court order. The people appeal. *Held:*

Inasmuch as the facts of this case indicate that the defendant obtained or attempted to obtain prescription drugs by use of a forged prescription, the prosecuting attorney should have charged the defendant under the misdemeanor statute which more particularly fits the facts of this case. The Legislature intended to carve out an exception to the felony statute prohibiting the obtaining of controlled substances by fraud with respect to drugs obtained by prescription. The magistrate did not err in quashing the complaint.

Affirmed.

D. F. WALSH, J., dissented. He believes that the felony statute is concerned with obtaining controlled substances and the misdemeanor statute covers obtaining prescription drugs that

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations § 226.

[2] 41 Am Jur 2d, Indictments and Informations §§ 97, 313.

What constitutes lesser offenses "necessarily included" in offense charged, under Rule 31[c] of Federal Rules of Criminal Procedure. 11 ALR Fed 173.

[3] 73 Am Jur 2d, Statutes § 257.

[4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 20, 27.12.

Construction of provision of Uniform Narcotic Drug Act or similar statute dealing with obtaining or procuring the administration of a narcotic drug by fraud of deceit. 25 ALR3d 1118.

are not also controlled substances. Since the drugs which the defendant acquired or attempted to acquire were controlled substances, he believes that the prosecutor did not abuse his discretion in charging the defendant with the felony violation. He would reverse.

### OPINION OF THE COURT

1. PROSECUTING ATTORNEYS — INSTITUTING CHARGES.

    Prosecuting attorneys have broad discretion in determining under which of two possible applicable statutes a prosecution will be instituted.

2. PROSECUTING ATTORNEYS — INSTITUTING CHARGES.

    It constitutes error for a prosecuting attorney to charge a defendant with violation of a felony where the facts of the crime would also constitute a misdemeanor or other lesser offense where (1) the statutes defining the felony and an applicable misdemeanor or lesser felony prohibit distinct and different conduct and where the facts of the criminal offense are specifically prohibited by a misdemeanor or lesser felony statute, or (2) where the Legislature has evidenced an intent that the conduct be prosecuted under the misdemeanor or lesser felony statute despite the fact that it may also fit within the technical definition of the greater offense.

3. STATUTES — JUDICIAL CONSTRUCTION.

    A basic rule of statutory construction is that a statute specific in language and enacted contemporaneously to or subsequent to a general statute covering the same subject matter constitutes an exception to the general statute if there appears to be a conflict between them.

### DISSENT BY D. F. WALSH, J.

4. CONTROLLED SUBSTANCES — PRESCRIPTION DRUGS.

    *Not all prescription drugs are controlled substances, and the obtaining of controlled substances by means of a forged or altered prescription constitutes a felony under the Public Health Code; the obtaining of prescription drugs that are not controlled substances by means of misrepresentation or deception constitutes a misdemeanor under the Public Health Code (MCL 333.7407, 333.17766; MSA 14.15[7407], 14.15[17766]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,*

Prosecuting Attorney, and *Charles M. Sibert,* Chief Appellate Attorney, for the people.

*Farhat, Burns & Story, P.C.,* for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

T. M. BURNS, P.J. Defendant was charged in a two-count complaint with the crime of obtaining possession of a controlled substance, Valium, by passing a forged prescription and the crime of attempting to obtain possession of a controlled substance, Darvon, by passing a forged prescription. MCL 333.7407(1)(c); MSA 14.15(7407)(1)(c). Prior to the preliminary examination, defendant moved to quash the complaint arguing that the prosecutor erred in charging him with felonies rather than with one or more misdemeanors that more particularly fit the facts of this case. Specifically, defendant contended that the prosecutor should have charged him under MCL 333.17766; MSA 14.15(17766), which provides in pertinent part:

"A person is guilty of a misdemeanor who:

"(a) Obtains or attempts to obtain a prescription drug by giving a false or fictitious name to a pharmacist or other authorized seller, prescriber, or dispenser.

\* \* \*

"(c) Falsely makes, utters, publishes, passes, alters, or forges a prescription.

\* \* \*

"(e) Knowingly attempts to obtain, obtains, or possesses a drug by means of a prescription for other than a legitimate therapeutic purpose or as a result of a false, fictitious, forged, or altered prescription."

Defendant's motion to quash came to a hearing on July 24, 1979. Testimony taken on the motion indicated that defendant took several prescription pads from the office of an East Lansing dentist without permission. On June 25, 1979, defendant presented one of the prescription pad papers on which he had forged the dentist's signature to a drug store in Lansing and obtained Valium capsules. The next day, on June 26, 1979, he attempted to pass another forged prescription for Darvon at an East Lansing drug store. However, he was arrested before obtaining any drugs on this second occasion.

On July 25, 1979, defendant's motion to quash was granted. In granting defendant's motion, the magistrate ruled:

"[T]he court is of the opinion that the defendant is entitled to have the complaint and warrant quashed, for the reason that the Legislature specifically addressed the issue concerning the activities of the defendant as alleged in this complaint. Specifically, it is made a misdemeanor for a person to knowingly attempt to obtain or possess a drug by means of a prescription for other than a legitimate therapeutic purpose or as a result of a false, fictitious, forged or altered prescription. The court takes judicial notice of the fact that the drugs obtained or attempted to be obtained, pursuant to a false prescription, in this matter, are common prescription drugs, and that the conduct complaind of by the people is specifically covered by § E of the Michigan Compiled Laws 333.17766.

"The more general provision of the law 333.7404(1)(c) under the act under which the defendant is presently charged is more general and is not the controlling statute, as to this particular infraction."

Following entry of the magistrate's order quashing the complaint, the people appealed to the circuit court which affirmed on November 26,

1979. The people now appeal to this Court and we affirm.

Prosecuting attorneys have broad discretion in determining under which of two possible applicable statutes a prosecution will be instituted. However, this discretion is not unlimited.

In *People v LaRose,* 87 Mich App 298, 304; 274 NW2d 45 (1978), this Court held that it was an abuse of the prosecutor's discretion to charge a defendant under the false pretenses statute, MCL 750.218; MSA 28.415, rather than under the insufficient funds statute, MCL 750.131; MSA 28.326, where the defendant's only "false pretense" was the presentation of an insufficient funds check. The Court noted:

"Although presentation of an insufficient funds check may, if accompanied by additional false representation, justify conviction under the false pretenses statutes * * * we hold that the instant facts preclude prosecution under that statute. It was clearly the Legislature's intent, in enacting the insufficient funds statute, to carve out an exception to the false pretenses statute and to provide for a lesser penalty for the particular type of false pretense involved in the presentation of an insufficent funds check. * * * The crime described in MCL 750.131; MSA 28.326 carries a substantially lower maximum penalty than that set forth in MCL 750.218; MSA 28.415. * * * The prosecutor was bound to charge defendant under the statute which fit the particular facts and not under the more general statute."

More recently, in *People v Richard Ford,* 95 Mich App 412, 414; 291 NW2d 60 (1980), this Court held that it was error to charge a defendant with uttering and publishing a forged instrument, MCL 750.249; MSA 28.446, where the defendant illegally used a credit card to obtain $21.30. The Court found that the credit card protection act,

MCL 750.157q; MSA 28.354(16), was intended by the Legislature to cover all credit card crimes:

"The question then remains whether, under these circumstances, discretion should remain in the prosecutor as to which statute he should charge defendant with violating.

"We believe that this type of issue must be resolved on a case-by-case basis. In the within case, we note that the substance of the difference is that the general uttering and publishing statute under which defendant pled guilty carries a maximum penalty of 14 years, while the credit card statute which appears to be more fitting with relation to the facts of the within case carries a maximum penalty of four years. We note that, in this case, defendant obtained the sum of $21.30. We hold that, under the particular facts of this case, it was an abuse of prosecutorial discretion to charge defendant with the 14-year felony."

The abuse of prosecutorial discretion referred to in *Ford* was addressed at length in the case of *People v Carmichael*, 86 Mich App 418, 421-423; 272 NW2d 667 (1978). The principle concern in this Court's opinion in that case involved the Michigan law regarding withdrawal of guilty pleas. However, the *Carmichael* Court parenthetically opined that it was not the intent of the Legislature to have the larceny in a building statute applicable to shoplifting cases even though the technical actions of the defendant may constitute a crime under either statute.

From these cases, it is evident that there are at least two circumstances in which this Court will find an abuse of prosecutorial discretion in the charging of a defendant with a felony where the facts of the crime would also constitute a misdemeanor or other lesser offense. First, it is error for

a prosecutor to charge a defendant with a felony where the statutes defining the felony and an applicable misdemeanor or lesser felony prohibit distinct and different conduct and where the facts of the criminal offense are specifically prohibited by a misdemeanor or lesser felony statute. Second, it is also an abuse of discretion for the prosecutor to charge a defendant with a felony where the criminal conduct also violates a misdemeanor or lesser felony statute and where the Legislature has evidenced an intent that the conduct be prosecuted under the misdemeanor or lesser felony statute despite the fact that it may also fit within the technical definition of the greater offense.

Defendant in this case was charged with a felony under § 7407 of the Public Health Code, which provides that it is a felony for a person to "knowingly or intentionally acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge". The crucial distinction between this statute and the misdemeanor statute under which defendant argues he should have been charged, § 17766 of the Public Health Code, is that § 7407 pertains to specific drugs known as "controlled substances" whereas the latter refers generally to "prescription drugs". Thus these two statutes do not prohibit identical conduct. It is further evident that prescription drugs are simply one category of controlled substances.

A basic rule of statutory construction is that a statute specific in language and enacted contemporaneously or subsequent to a general statute covering the same subject matter constitutes an exception to the general statute if there appears to be conflict between them. *State Highway Comm'r v Detroit City Controller,* 331 Mich 337; 49 NW2d

318 (1951), *People v McFadden,* 73 Mich App 232; 251 NW2d 297 (1977).

Inasmuch as the facts of this case indicate that defendant obtained or attempted to obtain prescription drugs by use of a forged prescription, the prosecutor should have charged him under the misdemeanor statute which more particularly fits the facts of this case. The Legislature intended to carve out an exception to § 7407 and provide a lesser penalty for drugs obtained in violation of the misdemeanor provisions of § 17766. Therefore, the magistrate did not err in quashing the complaint.

Affirmed.

Allen, J., concurred.

D. F. Walsh, J. *(dissenting).* I must respectfully dissent. In my judgment the majority's conclusion that § 7407 and § 17766 of the Public Health Code, MCL 333.1101 *et seq.;* MSA 14.15(1101) *et seq.,* cover the same subject matter is incorrect. The felony statute, § 7407, is concerned with controlled substances. The misdemeanor statute, § 17766, is concerned with prescription drugs.

Not all prescription drugs are controlled substances. Section 7407 makes it a felony to acquire a controlled substance by any form of misrepresentation or deception. There is nothing in the Public Health Code which persuades me that the Legislature intended that otherwise felonious conduct should be punishable only as a misdemeanor if the misrepresentation or deception was in the form of a forged or altered prescription.

I must conclude that § 17766 applies to prescription drugs which are not also controlled substances. Since the drugs which defendant acquired

or attempted to acquire in this case were controlled substances, I find no abuse of discretion in the charge made by the prosecutor. I would reverse.